## CAHN and others *v.* MONROE.

*(Circuit Court, W. D. Michigan, S. D.* November 19, 1886.)

1. COSTS—DEPOSITIONS NOT ADMITTED IN EVIDENCE.
   When plaintiff is nonsuited upon the statement of his case by his attorney, the defendant is not entitled, in the taxation of costs, to include a charge for depositions taken against him by plaintiff, as the depositions are not, in such case, admitted in evidence.
2. SAME—WITNESSES NOT SUMMONED.
   Witness fees are taxable in the case of witnesses whose attendance is procured in good faith, although they are not subpœnaed.

Appeal from Clerk's Taxation of Costs.

On the trial of this cause the court directed a verdict for the defendant after the opening statement of plaintiffs' counsel to the jury and before the introduction of any testimony. No witnesses had been subpœnaed by defendant, but a witness was by him in good faith procured to attend for the purpose of testifying, but had not been sworn. The clerk declined to tax an item of $35 attorney fees on depositions taken by plaintiff, upon the taking of which defendant's attorney had attended for the purpose of cross-examination; and also declined to tax the fee for the witness, on the ground that he had not been served with a subpœna.

SEVERENS, J. Respecting the item of $35 for depositions, I do not find it necessary to decide whether, in case the depositions are used by being *admitted in evidence,* the party against whom they are taken may, if successful, tax the statutory fee therefor,—a somewhat difficult question,—because I am of opinion that the depositions were not admitted in evidence, within the meaning of the statute. *Stimpson* v. *Brooks,* 8 Blatchf. 456. The court ruled, on the statement of the plaintiff's case by his attorney, that he could not recover. The clerk's action in this particular will therefore be confirmed.

Respecting the second item, which is that of a witness fee disallowed solely because the witness was not subpœnaed, I am of opinion that the earlier and reported ruling of Judge WITHEY (*Anderson* v. *Moe,* 1 Abb. 299) in 1869 was sounder than the later ruling in this court (but not reported) by Judge BAXTER. The fact that the earlier ruling is reported, and the later is traditional only, leaves me, in a measure, free to follow my own convictions upon the point, and they are entirely in accord with the opinion of Judges GRAY and COLT, in the case of *U. S.* v. *Sanborn,* 28 Fed. Rep. 299. When a witness' attendance is procured in good faith, for the purpose of testifying in a cause, it appears to me there is nothing in the reason of the matter which should reject the allowance of the usual fees. Under such circumstances the witness attends "pursuant to law." It is a not unusual course in the actual practice of trials; and there is no reason that I am aware of which makes it necessary to put so technical a construction upon the statute as to exclude cases

when the attendance of the witness to testify is procured in this quite common way. It must often happen that exigencies arise when a subpœna may not be seasonably procured, and delay and inconvenience would result to the court and the parties in proceeding with the trial. The argument *ab inconvenienti* is of considerable weight in the construction of statutes, and especially in doubtful questions of practice arising thereunder. It seems to me that the adoption of the opposite construction is a voluntary tying of its hands by the court where freedom is open. The general sense of equity on which costs are given by statute applies here in full force in favor of the successful party. No injury can happen, but in fact the costs are lessened, and there is certainly nothing of which the other party can complain. I think the statute is susceptible of a construction which is in harmony with reasonableness and convenience, and I shall therefore adopt it, and direct that the item in question be taxed.