EASTMAN *et al. v.* SHERRY.

*(Circuit Court, E. D. Wisconsin. February 25, 1889.)*

1. COSTS—RIGHT TO COSTS IN FEDERAL COURTS.
     Rev. St. U. S. § 968, providing that a plaintiff recovering less than $500 in a case which cannot be brought in a federal court unless the matter in dispute, exclusive of costs, exceed that sum, shall not be allowed costs, was taken from the judiciary act of September 24, 1789, which placed the minimum jurisdictional amount at $500. It was not changed when the minimum amount was changed by act March 3, 1887. *Held,* that the courts cannot construe it, as changed, to conform to the new amount.

2. WITNESS—FEES—VOLUNTARY ATTENDANCE.
     Witnesses may become entitled to fees as having attended a federal court "pursuant to law," though they have done so voluntarily, without being subpœnaed.

3. SAME—MILEAGE.
     Rev. St. U. S. § 848, allows a witness mileage to and from his residence. Section 876 provides that a subpœna may run into another district as to witnesses living not more than 100 miles from the place of trial. Section 863 authorizes depositions by witnesses living more than that distance. *Held,* that witnesses voluntarily attending a court more than 100 miles distant from their residences can only recover mileage for 100 miles.

At Law. On motion to tax costs.

Trespass by Charles E. Eastman and Peter McArthur against Harry Sherry. Verdict for plaintiff.

*Mr. Sutherland,* for plaintiff.

*Mr. Hooper*, for defendant.

JENKINS, J. Subsequent to the judiciary act of March 3, 1887, (24 St. at Large, 552,) the plaintiffs brought suit in trespass, claiming damages in $5,000. At the trial they recovered over $500, and less than the sum limited by the statute.

1. It is now objected for the defendant that the plaintiffs are not entitled to costs. By Rev. St. § 968, it is provided that a plaintiff recovering less than $500 in a case which cannot be brought in a federal court unless the matter in dispute, exclusive of costs, exceed that sum, shall not be allowed, but, at the discretion of the court, may be adjudged to pay, costs. This provision is first found in the judiciary act of the 24th of September, 1789, by which act the minimum jurisdictional amount is placed at $500, exclusive of costs. It cannot be denied that the then design of the legislative authority was to deny costs in every case where the recovery did not equal the amount necessary to confer jurisdiction, although the damages laid might show jurisdiction by the record. Upon change of the minimum amount essential to jurisdiction, this restriction as to costs, either by design or misprision, remained unaltered. It was not changed to conform to the changed conditions of jurisdiction. It is urged that by analogy he who recovers less than the present jurisdictional limit should not recover costs, notwithstanding the provisions of section 968 remain unchanged. It must be borne in mind that at common law costs were unknown. They are the creature of statute. It rests with legislative authority to grant or deny them, and to determine in what cases, and under what circumstances, they should be allowed. It may seem appropriate that this law should be altered to conform to changed conditions. That, however, is matter for the legislative, not the judicial, authority. Courts can only administer the law as it is found. The plaintiff must be held to be entitled to costs.

2. Certain witnesses, resident without the district, and not within 100 miles of the place of trial, attended at the trial voluntarily, and not under subpœna. It is objected that fees and mileage may not be allowed for such witnesses, or, if taxable, that mileage should be restricted to 100 miles. Upon both of these questions there exists much conflict in the various circuits. The cases are assembled in *U. S.* v. *Sanborn*, 28 Fed. Rep. 299; *Spaulding* v. *Tucker*, 2 Sawy. 50; *Haines* v. *McLaughlin*, 29 Fed. Rep. 70; *The Vernon*, 36 Fed. Rep. 113,—where the argument on both sides is well presented. It needs only to state the conclusions to which my mind is constrained upon a careful consideration of the questions. The conclusion that a witness attends "pursuant to law" only when present in obedience to a subpœna is, to my thinking, quite too narrow a construction of the statute. The object of the law is to reimburse the prevailing party for the necessary expenses of his evidence. The only purpose of the writ is to compel attendance. But, voluntarily attending, the witness is clothed with all the immunities of a witness served with process. He subjects himself to the jurisdiction of the court, and, when sworn, is subject to like penalties and protection as one at-

tending in obedience to a writ. He attends pursuant to law when he subjects himself to the law. He waives the formal service of the writ. That is matter personal to himself and to the party who calls him.

As to the remaining question, I am of opinion that in case of a witness resident without the district the mileage must be restricted to not exceeding 100 miles. The various statutory provisions governing the subject are *in pari materia*, and to be construed together. By section 848 mileage is allowed for going from and returning to the place of residence of the witness. By section 876 the writ of subpœna may run into another district as to witnesses living at a distance not exceeding 100 miles from the place of trial. Section 863 authorizes the deposition of witnesses resident more than 100 miles from the place of trial. It seems clear to me that congress intended to allow mileage only to the extent that a subpœna would run. The statute should be read as though the words "within the jurisdiction of a writ of subpœna" were added to section 848. A different construction would open the door to great abuses. A defeated party might be charged with the mileage of witnesses from across the sea, or from distant points in the United States, rendering litigation oppressive, if not ruinous. As the testimony of witnesses resident more than 100 miles from the place of trial may be taken by deposition, I think it was designed to limit the mileage to the running of the writ of subpœna. It may be that oral evidence delivered in court is more potential than that taken by deposition. That consideration, however, should not avail to a construction of the statute that would work oppression. The law has provided an inexpensive mode of obtaining the testimony of non-resident witnesses. If personal attendance at the trial is deemed essential, the expense, except as to 100 miles, should be borne by the party inducing such attendance.