## LEARY *v.* THE MIRANDA.[1]

*(District Court, E. D. New York.* November 29, 1889.)

COSTS—DISBURSEMENT FOR TRAVELING EXPENSES OF WITNESSES.

Proof that a party disbursed, in traveling expenses and maintenance of his witnesses while attending court, a sum exceeding that sought to be taxed as witness fees, will not enable him to tax such fees. The statute requires proof that the amounts sought to be taxed be amounts actually paid the witnesses as fees.

In Admiralty. Appeal from taxation of costs.
*John Berry*, for libelant.
*Butler, Stillman & Hubbard*, for claimant.

BENEDICT, J. This case comes before the court on an appeal from the clerk's taxation of the claimant's costs. The items in dispute relate to witness fees. The clerk disallowed various witness fees in the absence of proof that the amounts charged had been paid the witnesses. In regard to these fees, the only proof is that the claimant disbursed, in traveling expenses and maintenance of these witnesses while attending court, in each case, a sum exceeding that now charged for fees of the witness. This proof is not sufficient. The statute requires proof that the amounts sought to be taxed be amounts actually paid the witnesses for witness

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

fees. No such payment is here proved. If the proof showed an agreement with the respective witnesses, made at the time, or previous to the time, of disbursing the amounts alluded to by the claimant, to the effect that their witness fees should be applied to reimburse those expenses, it might be that the claimant could in that case tax the witness fees. *Wooster* v. *Handy*, 23 Blatchf. 133, 23 Fed. Rep. 49. No agreement with the respective witnesses in regard to their fees has been proved; and, for all that appears, the witnesses might now come forward in their own behalf, and claim their fees, notwithstanding the fact that their expenses of traveling and maintenance have been paid. The clerk's taxation is affirmed.