## THE MARY H. BROCKWAY.[1]

### STARK et al. v. THE MARY H. BROCKWAY.

#### (District Court, S. D. New York. January 14, 1892.)

COSTS AND FEES—MARSHAL'S COMMISSIONS—REV. ST. § 829—POSSESSORY SUIT.
 In a suit to recover possession of a vessel, where the marshal seizes and takes possession of the vessel, and, on settlement of the suit, delivers up possession of the property subject to his fees, he is entitled to his regular commissions on the value of the vessel, under Rev. St. § 829, besides keeper's fees, though the claim was not for a money demand.

In Admiralty. On appeal from taxation of costs.
*James Parker*, for libelant.

BROWN, District Judge. Upon a libel filed to recover possession of the schooner Mary H. Brockway from a port owner, who had been removed as master, but who refused to give up possession, the marshal arrested and took possession of the vessel under process. Thereafter the suit was settled between the parties, and the possession of the property was accordingly delivered by the marshal, subject to the payment of his fees. The vessel being of the value of $25,000, the marshal's fees were taxed at the sum of $127.50, under section 829 of the Revised Statutes. The libelant appeals from the taxation, on the ground that section 829 allows only $2.50 per day for keeping the vessel; that the language of the following paragraph of that section, giving the marshal a commission "when the debt or claim in admiralty is settled by the parties without a sale of the property," is not applicable; and that, under section 857, upon the analogy of the state practice, (Code, § 3307, subd. 2,) he should only receive such reasonable compensation for his trouble as the court or judge should allow.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

Section 857 of the Revised Statutes relates only to the mode of recovering fees, not to the amount of fees chargeable. These are regulated by section 829. The language of the paragraph above referred to—

"When the debt or claim in admiralty is settled by the parties without a sale of property, a commission of one per centum on the first $500 of the claim or decree, and one-half of one per centum on the excess: provided, that if the value be less than the claim, the commission shall be allowed only on the appraised value thereof"—

is broad enough to include the present case. The claim was for the possession of the vessel. Possession has been secured through the process of the court, the attachment, and the possession and custody of the marshal, until delivered over, pursuant to the settlement. The claim was settled by the parties without a sale. The claim is, indeed, not for a money demand, so that the case is not within the very letter of the section, but it is plainly within its spirit. The claim, being for the possession of the vessel, was, in effect, a claim for the value of the vessel, not in money, but in property. Mr. Justice BLATCHFORD in the *Case of Johnston*, 8 Ben. 191, in which marshal's commissions were allowed upon the property of the bankrupts, which had been seized in proceedings in bankruptcy, and afterwards delivered over upon a settlement between the parties, says:

"The theory of this allowance is that the marshal, in an admiralty suit *in rem*, has attached the property, and holds it, and that then, with a sale of the property by the marshal, the controversy is so disposed of by the parties that the marshal is called upon to give up possession of the property, so that he loses the fees for selling it and for receiving and paying over the money. In such a case he is allowed a commission, which is intended as a compensation for his risk and responsibility; just as the poundage allowed on final process, and the percentage allowed on a sale of property in admiralty, are each of them a compensation for risk and responsibility, not merely in selling the property, but in holding possession of it under process. Personally, he can have no other compensation for keeping safely the property. For the expense of keeping it, not exceeding $2.50 a day can be allowed, only when paid to a keeper. * * * The commission is given by section 829 for the service of the marshal in respect to the property which he relinquishes, in taking the risk and responsibility which he takes in regard to it while he holds it."

It would be unjust to the marshal that he should be required to answer for the responsibility of keeping property for the benefit of the parties to the cause, and delivering it to them pursuant to settlement, without any compensation whatever. He is entitled to nothing for that responsibility, except under this clause, since, under the preceding section "for necessary expenses," he can recover only what he pays to the keeper. The sum allowed on settlement is less than half that allowed on sale by the following clause. The observations quoted from Mr. Justice BLATCHFORD seem to me to be decisive, and the amount taxed in accordance therewith should be allowed, and the taxation affirmed.