## PINSON v. ATCHISON, T. & S. F. R. CO.

### (Circuit Court, W. D. Missouri, W. D. March 18, 1893.) .

1. COSTS—TAXATION—DEPOSITIONS.

Where a nonresident witness, whose deposition has been taken, attends in person and testifies on the trial, the costs for taking his deposition cannot be taxed.

2. WITNESS—FEES—MILEAGE.

It is a settled rule of practice for the federal courts to allow witnesses their mileage and per diem fees where they attend and testify at the request of one of the parties, although no subpoena was issued. The Vernon, 36 Fed. Rep. 113, followed.

3. SAME.

Where the witnesses come from without the state at a greater distance than 100 miles, they are entitled to claim for mileage for the distance of 100 miles, and no more, and also their per diems.

At Law. Action by George E. Pinson against the Atchison, Topeka & Santa Fe Railroad Company. Motion by plaintiff to retax costs. Sustained in part, and overruled in part.

Adams & Windiate, for plaintiff.

Gardiner Lathrop and S. W. Moore, for defendant.

PHILIPS, District Judge. This is a motion by plaintiff to retax costs. Objection is made to the taxation of costs for certain depositions of nonresident witnesses taken on behalf of the defendant. As it appears that these witnesses attended in person and testified on the trial, the objection is well taken, and the same is sustained.

The mileage and per diems of the following witnesses taxed against the plaintiff, to wit, S. L. Thomas, Bruce Davis, Thomas F. Jones, are objected to, on the grounds that the said witnesses did not attend in obedience to a subpoena from court, and because they did not attend for the number of days charged for, and for the further reason that said witnesses resided out of the state, and at a greater distance than 100 miles. It is a settled rule of practice for the federal courts to allow witnesses their mileage and per diem fees where they attend upon court and testify at the request of one of the parties, although no subpoena in fact was issued from the court. The Vernon, 36 Fed. Rep. 113; Anderson v. Moe, 1 Abb. (U. S.) 299; U. S. v. Sanborn, 28 Fed. Rep. 299.

In respect of the question raised as to the right of witnesses to mileage when they come from without the state a greater distance than 100 miles, there does not appear to have been any direct adjudication in this circuit. The statute (section 876) provides that "subpoenas for witnesses who are required to attend a court of the United States in any district may run into any other district: provided, that in civil causes the witnesses living out of the district in which the court is held do not live at a greater distance than one hundred miles from the place of holding the same." There is a diversity of opinion and ruling in the different circuits. In the first circuit it has been held for half a century that the successful party was entitled to have costs taxed for the mileage of witnesses, regardless of the distance they came, or of the fact that they came

from out of the district, (Prouty v. Draper, 2 Story, 199; Whipple v. Manufacturing Co., 3 Story, 84; Hathaway v. Roach, 2 Woodb. & M. 63-73;) and the rule of that circuit was affirmed by Mr. Justice Gray in U. S. v. Sanborn, 28 Fed. Rep. 299. Mr. Justice Story, however, conceded that, under the state practice in Massachusetts, mileage for the witness could only be taxed from the line of the state. In the second district the opposite rule obtains. Anon., 5 Blatchf. 134; Beckwith v. Easton, 4 Ben. 357; Buffalo Ins. Co. v. Providence & S. S. S. Co., 29 Fed. Rep. 237; The Leo, 5 Ben. 486. This ruling has been followed in the ninth circuit. Spaulding v. Tucker, 2 Sawy. 50; Haines v. McLaughlin, 29 Fed. Rep. 70. This question was thoroughly considered in the case of The Vernon, supra, by Brown, J., now one of the associate justices of the supreme court, who maintains that, where the witness comes from without the state at a greater distance than 100 miles, he is entitled to claim for mileage for the distance of 100 miles, and no more, and, of consequence, his per diems. On consideration I am of the opinion that this is a proper and equitable construction of the statute. While it is true the party calling the witness has the right, under section 863 of the statute, to take his deposition de bene esse, he ought not, in justice, in every case to be held to that course at the risk of paying the entire cost of the witnesses for personal attendance. Every lawyer and court knows, from observation and experience, the importance and advantage, and sometimes the necessity, of the personal presence of the witness at the trial. It is sometimes difficult and impossible to get so full, explicit, and perspicuous statement of facts from the witness through a deposition as it is by his examination before court and jury. Questions and incidents of facts may arise on the trial, which could not be reasonably anticipated by the party taking the deposition in advance, which could be successfully and truthfully met by the witness when present in court. The party ought, as a matter of right, if he prefers to have the personal attendance of the witness, to be permitted to bring him at his own expense to the point of 100 miles distance from the court, and have the cost of mileage therefrom to the court taxed the same as if the witness resided within the 100 miles. It is also but a reasonable construction of this statute, perhaps, as suggested by Judge Brown, that the court, upon previous application, being satisfied of the imperative necessity of the presence of the witness in court, could authorize a subpoena to go for a greater distance than the 100 miles. Such practice would be the exception to the rule, and should be rarely, and always cautiously, applied.

There is no evidence before me in contradiction of the affidavits of the witnesses as to the number of days they attended upon the court. The objection, therefore, as to the mileage and per diems on these witnesses, is overruled, except as to the mileage beyond 100 miles.

Objection is finally made to the fees taxed as costs for the following witnesses, S. Marlow, John R. Rouse, S. D. Irwin, on the grounds that the witnesses did not attend for the number of days claimed for, and because they did not testify at the trial of the

cause, and because they did not attend court in obedience to its subpoena. There is no evidence in support of this motion to contradict the affidavits of the witnesses as to the number of days' attendance. The other two objections have already been met in the foregoing part of this opinion. Objections as to these witnesses are overruled.