CHIATOVICH v. HANCHETT et al.

(Circuit Court, D. Nevada. April 7, 1899.)

No. 634.

COSTS IN FEDERAL COURTS—TAXATION—SUFFICIENCY OF AFFIDAVIT.

Rev. St. § 983, providing that in federal courts "the amount paid printers and witnesses * * * shall be taxed * * * against the losing party," does not require any affidavit to be attached to the memorandum of costs filed by the successful party; and where a rule of court provides for such an affidavit, and what it shall contain, an affidavit which complies with such rule is sufficient, though it does not state in terms that the fees of the witnesses have been actually paid.

On appeal from an order of the clerk taxing costs.

M. A. Murphy, for plaintiff.

Torreyson & Summerfield, for defendants.

HAWLEY, District Judge (orally). Defendants claim, and the clerk held, that the fees of witnesses should not be allowed because there is no affidavit filed which shows that the witnesses' fees had been actually paid. Section 983 of the Revised Statutes provides that "the amount paid printers and witnesses * * * shall be taxed * * * against the losing party." The cost bill in the present case is accompanied by an affidavit, "on behalf of the plaintiff, * * * that the items in the above memorandum contained are correct, * * * and that the said disbursements have been necessarily incurred in the said action." It will be noticed that section 983 does not provide that any affidavit shall be attached to the memorandum of costs. Section 984 does provide for an affidavit, as to the fees of certain officers, "that the services charged therein have been actually performed"; but the fees of witnesses are not mentioned. In the absence of any rule of court upon the subject, it was at an early day, in some of the districts, held that an affidavit ought to be made to the memorandum of costs to the effect that the witnesses' fees had been paid. In course of time, regular rules were adopted in the various circuits, declaring what the substance of the affidavit to the memorandum should be, and was doubtless adopted in order to secure uniformity in the several districts. Rule 17 of this court provides what the affidavit shall contain. The affidavit in the present case complies with this rule. Of course, the losing party would have a right to show by affidavit, or otherwise, that the witnesses had not been paid. Rule 18 of this court provides how that may be done, and the proceedings to be taken are separate and independent from the affidavit that is required by rule 17. In the present case there is no pretense that the witnesses have not been paid, but the objection is based solely upon the ground that the affidavit does not conform to the language of the statute. It is purely technical, and, in the light of the rules of this court, cannot be sustained. The action of the clerk in refusing to allow the fees of witnesses because the affidavit did not in direct terms state that they "have been paid" is set aside, and he is directed to allow the witnesses' fees. In all other respects the taxation as made by him is approved.