ST. MATTHEW'S SAV. BANK v. FIDELITY & CASUALTY CO. OF NEW YORK.

(Circuit Court, D. South Carolina. December 6, 1900.)

1. COSTS—TRIAL BEFORE SPECIAL MASTER.

Where an action at law is referred by agreement to a special master, who tries and determines all questions of both law and fact, the proceeding before him is equivalent to a trial by the court or jury, for the purpose of the taxation of costs, under Rev. St. § 824, and the successful party is entitled to a docket fee of $20; but the testimony of witnesses, given orally before the master for the purpose of such trial only, although taken by a stenographer and returned with his report, does not constitute "depositions

taken and admitted in evidence in a cause," for each of which a fee of $2.50 may be taxed.

2. SAME—WITNESS FEES.
    The fees of a witness are taxable, where his attendance and examination were required in good faith, although he was not served with a subpœna.

3. SAME—SERVICE OF SUBPŒNAS.
    A charge by a sheriff for serving subpœnas in an action in a federal court cannot be taxed as costs where it is not shown that he was acting for the marshal.

On Exceptions by Defendant to the Clerk's Taxation of Costs.

B. A. Hagood, for plaintiff.
Mordecai & Gadsden, for defendant.

SIMONTON, Circuit Judge. This case comes up on a question of costs. These have been taxed by the clerk, and defendant has excepted to the taxation. The case was at law. The cause of action was upon a surety or indemnity bond given to the plaintiff, the St. Matthew's Savings Bank, for the actions and defaults of its cashier, by the defendant, the Fidelity & Casualty Company of New York. Inasmuch as the case involved the examination and vouching of a long and intricate account, it was, by a consent order, referred to Hon. James F. Izlar, as special master, to hear and decide all the issues of law and fact involved therein. The cause was heard before the special master, and each witness was examined before him ore tenus. A stenographer was present, who took in writing the evidence as detailed by the witnesses. This evidence accompanied the report of the special master, made after the hearing. The circuit court treated the findings of the master as if they were a special verdict, and confirmed them. Judgment was then entered for the plaintiff. The case was taken by writ of error to the circuit court of appeals, which affirmed the judgment below.

The plaintiff claimed, and the clerk allowed, a docket fee of $20. The defendant contends that the taxation should be $10, under the provision of section 824, Rev. St., "In cases at law when judgment is rendered without a jury [docket fee] $10.00." But the same section provides, "On a trial before a jury in civil and criminal causes or before referees or on a final hearing in equity or admiralty, a docket fee of $20.00." This case, clearly, was a trial before a referee. The exception is disallowed.

Fifty-eight witnesses were examined before the special master, and their testimony taken, as above stated. For each of these plaintiff has claimed and the clerk has allowed $2.50, under the provision of this section, "For each deposition taken and admitted in evidence $2.50." There is no doubt that when cases both in equity and admiralty have been referred to an examiner, to take and report the testimony, and when, in obedience to such an order, the master, referee, or examiner reports that the testimony has been taken and duly reported for, and used in evidence at, a trial before the court, the reported evidence of each witness has been treated as a deposition, and the fee allowed the attorneys. The Sallie P. Linderman (D. C.) 22 Fed. 557; Rock-Boring Co. v. Sheldon (C. C.) 28 Fed. 217. The question is exhaustively discussed, and the charge allowed, by

Judge Hammond (Jackson, Circuit Judge, concurring) in Ferguson v. Dent (C. C.) 46 Fed. 88. In all of these cases the testimony was taken to be used thereafter in the trial of the case, and was so used. And so they came within the precise words of the statute, "a deposition taken, and admitted in evidence in a cause." But the case at bar was a trial before the special master, and the testimony was taken before him ore tenus, for the purposes of that trial. The language of the statute, properly construed, means depositions taken, and when so taken, after having been so taken, admitted in evidence in a case. The depositions in this case were not so taken. No one would say that when witnesses are examined before the jury or before the court, and their evidence taken by a stenographer, the evidence so taken would entitle the successful party to these costs. Nor will they be allowed when by consent of parties the cause was tried before a special master, and the evidence taken for his decision. The exception is sustained.

The plaintiff has taxed up as costs, disbursements for per diem and mileage of witnesses, $112.20. Defendant objects to this, as none of these witnesses was under subpœna. "A witness does not lose his right to his fees merely because he was not subpœnaed, if attendance and examination were required in good faith." Fost. Fed. Prac. 637; United States v. Sanborn (C. C.) 28 Fed. 299; The Vernon (D. C.) 36 Fed. 113; The Syracuse (C. C.) 36 Fed. 830; Eastman v. Sherry (C. C.) 37 Fed. 844; Sloss Iron & Steel Co. v. South Carolina & G. R. Co., 29 C. C. A. 50, 75 Fed. 106; Hanchett v. Humphrey (C. C.) 93 Fed. 895. In this last case all the cases are reviewed. This exception is overruled.

The last item excepted to is the charge of John H. Dukes, sheriff of Orangeburg county, for serving subpœnas. There is nothing to show that he was acting for the marshal, and the fee bill makes no provision for such a case. The exception is allowed. The clerk will correct the taxation in accord with this opinion.