268

District Court, S. D. Texas, at Houston.
March 15, 1930.

King, Wood & Morrow, of Houston, Tex., for libelant.

Y. D. Mathes and Baker Botts, Parker & Garwood, all of Houston, Tex., for Petroleum Navigation Co.

Harris & Watkins, of Galveston, Tex., for Higman Towing Co.

HUTCHESON, District Judge.

In this cause libelant Louis Kelley and his next friend, M. C. Kelley recovered judgment against Higman Towing Company, Petroleum Navigation Company, and Ivy Ilfrey for certain sums and costs. The decree provided that should any one of the defendants pay more than one-third of the amount recovered by libelants, he should have process against the other defendants for the overplus. It was further provided: "All costs

herein are adjudged against the three respondents named above and their sureties, if any, and shall be paid one third by each."

A statement of the costs having been furnished by the clerk, these motions were filed to retax.

The motion of the Petroleum Navigation Company asks a retaxing in four particulars:

(1) That the amounts taxed by the clerk as witness fees be credited with the amount already paid to the witnesses by the Marshal.

(2) That the witness fees taxed for M. C. Kelley be disallowed because of his being a party to that suit and therefore not entitled to witness fees.

(3) That the court allow and tax as witness fees for R. D. Sample three days at $5 per day and $10 mileage.

(4) That the premium of $100 paid by respondent on the release bond for the barge be taxed as costs.

The motion of the Higman Towing Company asks that the court allow and tax witness fees at $5 per day, and mileage, for each of the three witnesses Smithall, Bates, and Reeves, and that the premium claim of the Petroleum Navigation Company be disallowed.

The motion of Ilfrey asks in agreement with the Petroleum Company that the witness fees taxed for Kelley be disallowed; in agreement with the Higman Towing Company that the bond premium be disallowed and opposing both companies, asks that the witness fees of Sample, Smithall, Bates, and Reeves be not taxed because the witnesses appeared voluntarily and without process.

It was agreed that three of the four witnesses actually traveled more than 100 miles, one the mileage claimed, and that all of them actually attended court the number of days claimed.

■ Considering the matters in their order, it is perfectly plain that the first ground of the motion of the petroleum company should be sustained, in fact, no one contests it.

■ As to the second ground, while there is authority for the proposition that one a party to an action may not recover his witness fees, there is authority to the contrary, and I think it plain that in this case since the witness Kelley, while interested, was not the principal party to the action, and since the court awarded full protection to the libelant, his witness fees incurred under a legal subpœna, should be allowed. See Tuck v. Olds (C. C.) 29 F. 883; The Teaser (C. C. A.) 223 F. 13.

■ The third ground of the petroleum company's motion, and the sole ground of the Higman Towing Company's motion, present the same point, whether witness fees may be allowed and taxed as costs where the witnesses appear voluntarily, and without subpœna.

Upon this point, while there is some conflict of authority, the great weight of authority supports the allowance claimed. U. S. v. Southern Pac. Co. (D. C.) 230 F. 270, 271; Marks v. Merrill Paper Company (C. C. A.) 203 F. 16; United States v. Sanborn (C. C.) 28 F. 299, 302.

■ It remains to consider only the fourth ground of the petroleum company's motion, the right to recover premium on release bond.

Here I think the motion without merit, for the rule which allows the taxation of such costs is specifically limited to cases where costs are awarded by the court to a party, and then are limited to the expenses paid on stipulations or security given by "that" party.

Here no costs were allowed to the petroleum company at all; the only costs allowed were to the plaintiff, and while it is true that the decree adjudged the costs equally, one-third against each of the defendants, it did not award any execution in favor of one respondent against the others for any amounts, except those which he might have *paid to the plaintiff* in excess of the one-third, leaving no room for doubt that it was not intended by the court, even if under Admiralty rule 7 (28 USCA § 723) it could have done so, to award costs as such to any of the respondents as against the others.

The question of the right of any of the respondents to recover any of their costs from the others is not now presented to me, as this is a motion merely to tax the costs, and not to obtain process for their recovery, but I think it quite doubtful under this decree whether any of these respondents may have execution against any of the others for costs already paid by him.