This is an appeal from an order confirming the order and judgment on taxation of costs of county court in the Stensland will contest. Eleven witnesses were called to testify at the trial, three of them coming from Fargo, N.D.; namely, Cora Stensland, the beneficiary's wife, Tobias Stensland, his father, and one Ewald Hubig. The trial occupied eight days, and the costs were taxed under our statutes which entitle each material witness *Page 205 
to $2 per day. The court allowed, also, the regular mileage of 10 cents per mile to the witnesses, including the three from North Dakota.
Appellant argues that, since these three witnesses came to Sioux Falls voluntarily and at the request of H.C. Mundt, the executor of the estate, and were not subpœnaed until they arrived in Sioux Falls, they are not entitled to mileage, except such mileage as was allowed to the other witnesses who resided in Sioux Falls. He further contends that, since none of the eleven witnesses testified for more than a day during the trial, they should be reimbursed only for the actual days they testified and not for the days when they were merely in attendance.
Section 5308 of the 1919 S.D. Revised Code provides for witness fees and mileage, and reads in part as follows: "For each day's attendance before any court, board or tribunal, except justices' courts and judges acting as committing magistrates, in all civil and criminal cases, two dollars, and for each day's attendance in justice's court or before any judge acting as a committing magistrate, one dollar, and for each mile actually traveled by the usual route of travel, one way ten cents; provided, that suchmileage shall be limited to the distance from the place of trialto the point where such witness first entered the state, if hecomes from without the state. * * *" (Italics ours.)
[1] We shall deal first with the question of mileage for the three North Dakota witnesses. Cora Stensland in her affidavit stated that they came to Sioux Falls upon receipt of notice from Henry C. Mundt, executor of said will, that the case was set for trial, and that it would be necessary for all witnesses to be present. The record shows that these three witnesses from North Dakota were not subpœnaed until they reached Sioux Falls, S.D.
In Re Hulme's Estate, 185 Iowa 1219, 171 N.W. 599, 600, the court, in dealing with the right to collect witness fees without the service of a subpœna, said: "It seems to be settled, and such is the reasonable effect of the statute, that the right to have fees taxed for the attendance and mileage of witnesses does not necessarily depend upon service of subpœna. The principal office of a subpœna is to compel the appearance of witnesses who are within reach of such process, and would not otherwise attend the trial, but, if they appear voluntarily at the request of the party desiring *Page 206 
their testimony and submit themselves to examination without compulsion, there can be no good reason for denying them the usual compensation, simply because they waived their right to refuse to attend without the service of subpœna. * * *"
See, also, Cahn v. Monroe (C.C.) 29 F. 675; The Syracuse (C.C.) 36 F. 830; Eastman v. Sherry (C.C.) 37 F. 844; Burrow v. Ry. Co. (C.C.) 54 F. 278; Pinson v. Ry. Co. (C.C.) 54 F. 464; Simpkins v. Ry. Co. (C.C.) 61 F. 999; Sloss Iron Steel Co. v. Ry. Co. (C.C.) 75 F. 106; Hanchett v. Humphrey (C.C.) 93 F. 895; St. Matthews Sav. Bank v. Fidelity Casualty Co. (C.C.) 105 F. 161.
This question is even more fully covered in the case of Hanchett v. Humphrey (C.C.) 93 F. 895, 896, wherein the court said: "I am of opinion that witnesses may be required to attend court by agreement, or by the request of a party, without the service of a subpœna; and, if they do so attend, they can collect their fees for mileage and attendance from the party at whose request they were required to attend. Fees thus paid would, it seems to me, be a necessary disbursement in the action, which could, under the provisions of the revised statutes, be taxed as disbursement costs against the defeated party. Such attendance would be as `pursuant to law' as if the witnesses had been regularly subpœnaed. It is, of course, true that the statutory means of compelling the attendance of witnesses is by subpœna. But what right has the defeated party to complain because the other party caused his witnesses to come without a subpœna, and thereby saved expense? If a subpœna was served, the winning party could recover, not only the mileage of the witnesses, but the costs and expenses incurred in subpœnaing them; and these costs might, in many cases, be much greater than the mileage of the witnesses allowed by the United States statute. The objection to allowance of mileage, because no subpœna is served, ground down to the common sense of the question, is that the winning party ought not to collect any disbursements he necessarily incurred by paying the legal fees of the witnesses because he did not go to the further expense of having them subpœnaed. Such reason does not appear to me to be sound. Its tone is not judicial, and its logic is certainly faulty, and the result, if continued, would lead to unnecessary expense to litigants, and ought not to be adhered to any longer." *Page 207 
[2] Appellant urges that the clerk erred in taxing certain mileage costs in favor of respondents' witnesses. The abstract contained in appellant's brief, together with the assistance of the settled record before us, indicates that the counsel prepared a statement in the usual form as to the witnesses and the mileage of the said witnesses. The appellant made written objections thereto, and the issues were submitted to the clerk of the county court pursuant, we take it, to section 2616 of the 1919 S.D. Revised Code. On the 2nd day of November, 1933, the clerk taxed the costs as proposed by the respondents. After the costs had been taxed by the clerk, appellant proceeded under an order to show cause to set aside the clerk's order taxing costs, urging, among other things, the improper allowance of mileage for certain witnesses from at or near the northeast corner of the state to Sioux Falls, claiming that, if said witnesses were entitled to mileage fees at all, it should be from a point of entrance into the state a little northeast of Sioux Falls, S.D. Upon the hearing of the order, appellant objected to certain evidence being considered by the court. We have examined the record, and are not in a position to say that the court considered improper evidence in deciding the issues before it. This court as an appellate court will therefore assume that the trial court disregarded, and did not consider, improper evidence. The court did, however, reduce the amount of mileage, and said reduction was in appellant's favor, which we believe the court was fully justified in doing upon the record before it. It is our view that the witnesses were entitled to the amount allowed by the court according to our statute cited above which provides: "And for each mile actually traveled by the usual route of travel, one way ten cents; provided, that such mileage shall be limited to the distance from the place of trial to the point where such witness first entered the state, if he comes from without the state.
Appellant also objected to the witness fees, for the reason that said witnesses failed to testify every day of the trial, to wit, for not more than one day each, and objected to paying the fees of certain witnesses who resided in Sioux Falls, on the ground that these witnesses could have been reached by telephone whenever their appearance at the trial was necessary. From the record it appears that each of these witnesses was subpœnaed for a day and time certain, and that they attended and remained in the courtroom *Page 208 
up until their testimony was given. A number of the witnesses resided in Sioux Falls, and possibly as appellant contends, could have been contacted by telephone when needed, yet for the convenience of the attorneys their attendance in court was necessary. As was said in Jones v. Antrim Circuit Judge,223 Mich. 141, 193 N.W. 873,875; "The bill of costs covers the attendance of many witnesses, residents of the village where the court was held, and we are urged to hold that no more than one day's attendance should be allowed because such witnesses were near by and could readily be called when wanted. We can make no such holding. Experience has taught attorneys the advisability of having their witnesses present in court so as to meet sudden turns so often encountered in trials and to prevent delays in waiting for witnesses."
[3] The witnesses in the instant case were present in the courtroom until contestant concluded his case and were ready to testify at any time they were required. It is therefore our opinion that no legal grounds are presented by appellant upon which to base the reduction of the per diem of said witnesses. The court was aware of the length of time that each witness testified, and undoubtedly allowed per diem accordingly. After correcting and modifying the mileage of the North Dakota witnesses from $20 to $13.50 each, the court taxed the costs, allowing certain witnesses per diem for the entire eight days and other witnesses for one or two days only. We are not inclined to reverse the court. The trial court was conversant with all of the facts of the case, and we are satisfied that it was justified in taxing the costs as it did.
The order appealed from is affirmed.
ROBERTS, P.J., and POLLEY and RUDOLPH, JJ., concur.
CAMPBELL, J., concurs in result. *Page 209