## MILLER v. VINCENNES STEEL CORPORATION.

### No. 736.

District Court, S. D. Mississippi, W. D.
Sept. 14, 1937.

Dent, Robinson & Ward, of Vicksburg, Miss., for plaintiff.

Brunini & Hirsch, of Vicksburg, Miss., and Fielding Wright, of Rolling Fork, Miss., for defendant.

MIZE, District Judge.

Two witnesses in this case came to court at the request of plaintiff to testify in his behalf without subpœnas first being issued, and both of these witnesses lived more than 100 miles from Vicksburg, the place of holding court. After they came to court, subpœnas were issued and served on them, and they remained in attendance until the case was settled and they were discharged. It is stipulated that their testimony was material and they came at the request of the plaintiff. After the case was disposed of, the clerk taxed as a part of the cost $3 per day for subsistence and mileage for the actual distance traveled, which in one instance was 436 miles and in the other 692 miles. After the cost had been taxed, the defendant made a motion to retax the cost.

The great weight of authorities is to the effect that mileage cannot be taxed as a part of the cost for a greater distance than 100 miles. The First Circuit holds that a witness is entitled to mileage for the entire distance traveled. However, in the Second Circuit, the Third Circuit, the Sixth Circuit, the Eighth Circuit, and the Ninth Circuit the prevalent rule is to the effect

554

that mileage can be taxed as a part of the cost only for the distance of 100 miles. If it were not for the holding in the case of the United States v. Sanborn, 135 U. S. 271, 10 S.Ct. 812, 34 L.Ed. 112, I would be constrained to follow the weight of authorities, although the statute governing the fees of witnesses does not limit the distance to 100 miles. The conclusion is reached by those courts holding that it can be taxed for a distance of only 100 miles by reason of the fact that a subpœna cannot issue so as to compel the attendance of a witness for a greater distance than 100 miles. However, the question seems to have been squarely before the Supreme Court of the United States in the Sanborn Case, supra, and the decision of that court is binding on all other courts, and no decision of the Supreme Court has been brought to my attention which overrules the Sanborn Case.

The per diem and mileage of a witness is governed by sections 600a, 600c, and 601 of title 28 U.S.C.A. Section 600c provides that, when witnesses attend court at points so far removed from their respective residences as to prohibit return thereto from day to day, they shall be entitled to $3 per day for expense of subsistence. Section 601 provides that witnesses shall receive $1.50 per diem and 5 cents a mile for going from his place of residence to the place of trial, and 5 cents a mile for returning. It will be noted that there is no limitation upon the distance traveled, and the language used in these sections is clear.

■ The next question is whether or not a witness who has not received a subpœna is entitled to any mileage and per diem. The court is of the opinion that a subpœna is for the benefit of the party desiring the presence of the witness and is not for the benefit of the losing party against whom cost is to be taxed. If a witness at the request of a party to the suit actually travels a distance and attends court in good faith and has knowledge of material facts, then he is entitled to his per diem and mileage. The party requesting him to attend would not, of course, be entitled to a postponement or delay if the witness did not actually attend, because he had not adopted the method provided by law for compelling the attendance of such witness. But there is no reason why a witness should be denied his fees if he actually attends, for such fees are a part of the cost for which the losing party is responsible, and

he cannot be heard to complain that his opponent did not have the witness subpœnaed. Sloss Iron & Steel Company v. South Carolina & G. R. Co. (C.C.) 75 F. 106; U. S. v. Sanborn (C.C.) 28 F. 299, 302; Eastman v. Sherry (C.C.) 37 F. 844; U. S. v. Southern Pacific Co. (D.C.) 230 F. 270.

The motion to retax the cost, therefore, will be overruled.