## VINCENNES STEEL CORPORATION v. MILLER.

### No. 8633.

Circuit Court of Appeals, Fifth Circuit.

Jan. 20, 1938.

348

John Brunini, of Vicksburg, Miss., for appellant.

R. L. Dent, Jr., of Vicksburg, Miss., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from an order of the District Court overruling the motion of appellant to retax the costs and to eliminate certain items therefrom. The issue presented involves the power of the court to make the. challenged allowances, and it was proper to grant the appeal. Williams v. Sawyer Bros., 2 Cir., 51 F.2d 1004, 81 A.L.R. 1527; United States v. Knowles' Estate, 9 Cir., 58 F.2d 718, 719; Walker v. Lee, 9 Cir., 71 F.2d 622.

The costs in controversy were awarded in an action at law by appellee, who had brought his witnesses to court to testify in the case. Before the trial was had, a compromise agreement was made, pursuant to which a judgment was entered against appellant for a substantial sum and costs. Thereafter, a bill for costs was rendered by the clerk, and appellant moved to retax the same, taking exceptions to the allowance of the per diem, subsistence, and mileage[1] charged for two witnesses residing outside the district and more than 100 miles from the place of trial. It is stipulated that no subpoena was served on the witnesses until their arrival in Vicksburg, where the court was held; that they were material witnesses; and that they were prevented from testifying by the compromise settlement. The court denied the motion for the reasons set forth in its opinion reported in D.C., 20 F.Supp. 553. This appeal is from the order so entered.

Costs, as we know them today, were unknown to the common law, and, without the aid of statute, liability therefor rests only upon the party incurring them, as for any other debt.[2] Costs were first allowed as an increment of the judgment, where plaintiff recovered, under the statute of Gloucester (6 Edw. I, Ch. 1). Subsequently, the same privilege was extended to the prevailing defendant under the statute of 23 Henry VIII, Ch. 15, § 1. Prior to the fee bill of 1853, no federal statute awarded costs, but the acts mentioned above became a part of our general law under which costs were awarded to the successful party. Day v. Woodworth, 13 How. 363, 14 L.Ed. 181.

By Act of February 26, 1853, 10 Stat. 161, the fees of officers and amounts paid to witnesses were made a part of the recovery "on trials in cases where by law costs are recoverable in favor of the prevailing party." 28 U.S.C.A. § 830. It is evident that, in the expression "by law," Congress meant to adopt the usages and customs in effect under the statutes of Gloucester and 23 Henry VIII. This provision was contained in the act which specified the amounts of the various fees and expenses to be recovered, but specifically reserved the recovery to the prevailing party. Another provision allows re-

[1] Plaintiff's witness fees:
James Chassion, Oakdale, La.,
3·days $13.50, 436 mi. $21.80·..$35.30
O. D. Prestridge, Port Arthur,
Texas, 3 days $13.50, 692
mi. $34.60 .............. ¦48.10

[2] United States v. Ringgold, 8 Pet. 150, 8 L.Ed. 899; Lowe v. Kansas, 163 U.S. 81, 16 S.Ct. 1031, 41 L.Ed. 78. But see 3 Black.Com. 398, wherein it is pointed out that the prevailing party might be allowed a special recovery wherein his adversary was amerced pro falso calmore.

covery of fees and compensation of officers and witnesses "in like manner as the fees of the officers of the States respectively for like services are recovered." 28 U.S.C.A. § 609. However, this statute relates only to the procedure for recovering fees, and does not purport to impose any new obligation or to change the right or obligations of the parties. Cf. The Mary H. Brockway, D.C., 49 F. 161. Thus it is seen that the award of costs is for the benefit or relief of the parties litigant, and is confined to the amounts necessary and incident to the prosecution or defense of the action. Day v. Woodworth, supra.

■ Federal statutes provide for the payment of witnesses at the rate of $2 per day for attendance on the court, 5 cents per mile for travel in going and returning, and, if the witness is required to remain away from his place of residence overnight, $3 per day as subsistence. 28 U.S.C.A. §§ 600c, 601. The Act of June 30, 1932, reduced the per diem fee for witnesses from $2 to $1.50, chapter 314, § 323, 47 Stat. 413, 28 U.S.C.A. § 600a note. This provision was continued in effect from year to year, through the fiscal year 1937. Act of May 15, 1936, § 323, 49 Stat. 1331.[3] The amounts thus allowed are recoverable by the witness from the party at whose instance he attends, whether subpoena be served or attendance be by prior agreement in lieu of service. O'Neil v. Kansas City. S. & M. R. Co., C.C., 31 F. 663. Until comparatively recent times, it was held by many courts that the prevailing party was entitled to recover only such expenses as he had actually paid.[4] However, the better rule is that expressed in Cummings v. Akron Cement & Plaster Co., 6 Blatchf. 509, Fed.Cas.No.3,473, that liability of the prevailing party to his witness for such expenses is sufficient to entitle him to recover. Young v. Merchants' Insurance Co., C.C., 29 F. 273; Chiatovich v. Hanchett, C.C., 93 F. 727; Primrose v. Fenno, C.C., 113 F. 375.

Thus the liability of the losing party to his adversary is confined to expenses actually incurred and which were necessary to the prosecution or defense of the action. As the practice has developed, many items of expense have become necessary without any relaxation of the rule as to liability therefor. Day v. Woodworth, supra. A federal statute allows and provides for the taking of depositions of witnesses residing more than one hundred miles from the place of holding court. 28 U.S.C.A. § 639 et seq.

■ In criminal cases, process for witnesses may run into any other district. In civil cases, for a period prior to September 19, 1928, provision was made by statute, upon special order of the court or judge, to subpoena witnesses in other districts without regard to distance; but, subsequent to said date and at the present time, subpoenas for witnesses in civil cases may run into another district for a distance of only one hundred miles from the place of holding court. R.S. § 876, Act Sept. 19, 1922, c. 344, 42 Stat. 848, 28 U.S.C.A. § 654. These statutes do not purport to affect the liability of the parties for costs, but, by their operation, they fix precisely the fees which are necessary in ordinary cases.

■ Thus it appears that, in civil cases, the attendance of a material witness living within the district and within 100 miles of the place of holding court is necessary; that attendance by one living without the district and more than 100 miles from the place of holding court is unnecessary; and that the parties have the right to decide for themselves as to taking the depositions of or subpoenaing witnesses living within the district and more than 100 miles from the place of holding court. It should be noted that the fees and mileage of witnesses whose depositions are taken are a necessary expense, 28 U.S.C.A. §§ 600c and 601, and that these, together with the costs of officers, may easily exceed the cost of one day's attendance.

---

[3] A like provision was contained in the Act of June 16, 1937, c. 357, 50 Stat. 282; but this provision was repealed by the Act of August 14, 1937, c. 630, 50 Stat. 647. The per diem of $2 is now in effect, as provided in 28 U.S.C.A. § 600c, but is not applicable to this case because these costs accrued in the fiscal year 1937.

[4] Beckwith v. Easton, 4 Ben. 357, Fed. Cas.No.1212; Jerman v. Stewart Gwynne & Co., C.C., 12 F. 271; Wooster v. Handy, C.C., 23 F. 49, 62, 23 Blatchf. 112; Leary v. The Miranda, D.C., 40 F. 607; cf. Chiatovich v. Hanchett, C.C., 93 F. 727, wherein the statutes relied upon in the preceding cases were held not to require proof of payment, but that proof that the expenses had been necessarily incurred was sufficient, it being open to the losing party to show that they had not been paid.

The absence of service of subpoenas does not render the attendance of the witness a gratuitous act, since attendance may be by agreement in lieu of service without affecting the right of the witness to compensation and expenses.[5] It follows that the expense is necessary if incurred in procuring the attendance of a competent witness whose testimony is material, provided he does not come from without the district and more than 100 miles from the place of trial. Where the travel is from outside the district and in excess of 100 miles, while attendance may not be necessary, the expense of procuring the testimony is none the less so, and the question is simply how much of such expense should be allowed in the absence of depositions.

▬▬▬ Except for the federal statutes discussed above, the whole amount would be recoverable. These statutes do not forbid recovery by express terms, but their effect, by necessary implication, is to limit the allowable mileage of witnesses from without the district to one hundred miles. Since the losing party would have been taxed for 100 miles, had that been the

distance traveled, no hardship is imposed upon him if the travel exceeds that amount and the cost of the excess is ultimately borne by his adversary. The alternative to attendance is testimony by deposition, and since the difference in cost is so nearly the same as to make it speculative in many cases, it cannot be said with certainty that attendance from a distance of one hundred miles is not to the advantage of the losing party. It is our conclusion that the appellee was entitled to recover his fees and expenses as provided in the statute for the days the witnesses were actually in attendance and while traveling 100 miles to and from the court, together with mileage for that distance. This holding is in accord with the rule in all of the other circuits except the First. See Kirby v. United States, 9 Cir., 273 F. 391, and cases cited; Pacific S. S. Co. v. Sutton, 9 Cir., 7 F.2d 579, certiorari denied, 269 U.S. 586, 46 S.Ct. 202, 70 L.Ed. 425.

The First Circuit seems to follow the rule of allowing full mileage and per diem. United States v. Sanborn, 28 F. 299.[6] The question here presented was not before

---

[5] We are not unmindful of the divergence of opinion on this point. The following cases hold that witness fees are not taxable in the absence of service: Dreskill v. Parish, Fed.Cas.No.4075; Id., Fed.Cas.No.4076; Woodruff v. Barney, Fed.Cas.No.17,986; Sawyer v. Altman & T. Mfg. Co., Fed.Cas.No.12,397; Spaulding v. Tucker, Fed.Cas.No.13,221, in equity; Haines v. McLaughlin, C.C., 29 F. 70; Lillienthal v. Southern California R. Co., C.C., 61 F. 622. The following hold that witness fees are taxable on attendance, although subpoena not served: United States v. Williams, Fed.Cas.No.16,709; Power v. Semmes, Fed.Cas.No.11,360; Anderson v. Moe, Fed.Cas.No.359; Cummings v. Akron Cement Co., Fed.Cas.No.3,743; Beckwith v. Easton, Fed.Cas.No.1212; Dennis v. Eddy, Fed.Cas.No.3793; U. S. v. Sanborn, C.C., 28 F. 299; Cahn v. Monroe, C.C., 29 F. 675; The Vernon, D.C., 36 F. 113, admiralty; Eastman v. Sherry, C.C., 37 F. 844; Burrow v. Kansas R. Co., C.C., 54 F. 278; Pinson v. Atchison, T. & S. F. R. Co., C.C., 54 F. 464; Simpkins v. Atchison, etc., R. Co., C.C., 61 F. 999; Sloss Iron & Steel Co. v. South Carolina, etc., R. Co., C.C., 75 F. 106; Hanchett v. Humphrey, C.C., 93 F. 895; St. Matthew's Sav. Bank v. Fidelity & Casualty Co., C.C., 105 F. 161; American Bank Protection Co. v. City National Bank of Johnson City, D.C., 203 F. 715; U. S. v.

Southern Pac. Co., D.C., 230 F. 270; The Petroleum No. 5, D.C., 41 F.2d 268, admiralty.

[6] In the Sanborn Case, Justice Gray rests his ruling on the holding of Mr. Justice Woodbury and Mr. Justice Story. In Whipple v. Cumberland Cotton Co., Fed.Cas.No.17,515, the court, sitting in Maine, held full mileage allowable. Mr. Justice Story, speaking for the court, relied upon the practice in England, and cited 2 Tidd.Pr., 9th Ed.1828. In Hathaway v. Roach, Mass., Fed.Cas.No.6,213, Justice Woodbury reviewed the early judiciary acts under which costs and fees were allowed and recovered in accordance with state statutes, and suggested that these statutes were allowed to lapse through oversight. The costs were allowed, not by virtue of any existing federal statute, but apparently on the theory that the state law controlled in the absence of statute. In the opinion, he says: "The 34th section of this same judiciary act [1 Stat. 92] provides, that the laws of the different states shall be the guide to this court in settling the rights of parties where no provision is made by the constitution or acts of congress." A different view is expressed in Costs in Civil Cases, Fed.Cas.No.18,284. As pointed out in the foregoing opinion, 28 U.S. C.A. § 830 does not affect the substantive rights of the parties.

the Supreme Court òn appeal in the Sanborn Case. Sanborn v. U. S., 135 U.S. 271, 10 S.Ct. 812, 34 L.Ed. 112. In that case, the United States had recovered the fees and mileage of the two witnesses whose travel was from outside the district and in excess of 100 miles. It was denied recovery of the expenses of its clerks traveling from Washington and returning as assessed under R.S. § 850, 28 U.S.C.A. 604. No error was assigned to the allowance of the fees and mileage of the two witnesses, and the language used in the opinion is directed to the determination of the question of whether or not the expenses of the clerks were recoverable as costs.

The costs here involved having been incurred in the fiscal year 1937, the fees for James Chassion should be three days' attendance at $1.50 each, and $3 each day for subsistence, $13.50, and 100 miles each way at 5 cents per mile, $10, making a total of $23.50; and for O. D. Prestridge the fees should be the same.

For the reasons given, the order of the District Court is reversed in part and affirmed in part, and the cause is remanded for further proceedings not inconsistent with this opinion, the costs of this appeal to be divided equally between the parties.

Reversed in part and affirmed in part.