## GALLAGHER v. UNION PAC. R. CO.

District Court, S. D. New York.
May 13, 1947.

John H. Leddy, of New York City, for plaintiff.

Alexander & Green, of New York City (William R. McDermott, of New York City, of counsel), for defendant.

CAFFEY, District Judge.

This is a motion by defendant to review the clerk's taxation of costs. The action was brought to recover damages for injuries which plaintiff claimed he had sustained in the wreck of a railroad train of defendant in Nevada. The jury brought in a verdict for defendant and it sought to tax as part of its costs attendance, subsistence and mileage for five witnesses, each of whom resided much more than 100 miles from New York City and none of whom had been subpoenaed. The clerk struck these items, endorsing on the bill the following:

"Objection sustained. Witnesses not under subpoena. Nor subsistence granted by court. Mileage in excess of 100 miles."

The statute, Section 600c, Title 28 U.S. C.A. provides:

"Witnesses attending in United States courts, or before United States Commissioners, shall receive for each day's attendance and for the time necessarily occupied in going to and returning from the same, $2, and 5 cents per mile for going from his or her place of residence to the place of trial or hearing and 5 cents per mile for returning: Provided, That witnesses * * * in the United States courts, * * * who attend court or attend before United States commissioners, at points so far removed from their respective residences as to prohibit return thereto from day to day, shall be entitled, in addition to the compensation provided by existing law, * * * to a per diem of $3 for expenses of subsistence for each day of actual attendance and for each day necessarily occupied in traveling to attend court and return home."

Because of the fact that, in a civil case, the attendance of a witness living out of the district and more than 100 miles from the place of holding court cannot be compelled by subpoena, Section 654, Title 28 U.S.C.A., it was held in Vincennes Steel Corporation v. Miller, 5 Cir., 94 F.2d 347, 350, that this section, by necessary implication, limited the amount of taxable mileage to 100 miles. This case was followed by Friedman v. Washburn Co., 7 Cir., 155 F.2d 959, 962, 963. And the rule has been the same in this Circuit since an early day. Beckwith v. Easton, D.C.E.D.N.Y., 3 Fed. Cas. No. 1212, 4 Ben. 357.

■ Mileage at five cents per mile for 100 miles, going and returning, or $10, should have been allowed for each of these five witnesses, unless the fact that they attended voluntarily and not under subpoena prohibits it, which appears to be the reason for the clerk's disallowance of all mileage. Although there was a conflict of opinion on this point in the early days, the generally accepted rule today is to the effect that mileage should be taxed, whether the witness attends voluntarily or involuntarily. American Bank Protection Co. v. City Nat. Bank, D.C.E.D.Tenn., 203 F. 715, 716, 717; United States v. Southern Pac. Co., D.C.S.D.Cal., 230 F. 270, 273; The Petroleum No. 5, D.C.S.D.Tex., 41 F.2d 268, 269; Treadwell v. Mutual Life Ins. Co. of N.Y., D.C.W.D.La., 20 F.Supp. 494; Vincennes Steel Corporation v. Miller, supra, 94 F.2d at page 350. It seems always to have been the rule in this Circuit. Buffalo Insurance Co. v. Providence & Stonington Steam-Ship Co., C.C.S.D.N.Y., 29 F. 237; The Syracuse, C.C.S.D.N.Y., 36 F. 830, 831.

■ Amounts which defendant sought to tax as subsistence were disallowed by the clerk, on the ground, if I interpret his notation correctly, that they had not been allowed by the court. I find no such requirement in Section 600c, as it now stands. This section, as it was originally enacted on April 26, 1926, contained a requirement that the fact that the witness resided at a point so far removed from the place of trial as to prohibit his return to his residence from day to day should be certified to in the order of the court

or the commissioner for payment. But the section was amended on December 24, 1942, 56 Stat. 1088, Chap. 825, § 1, by eliminating this provision.

■ Therefore subsistence at $3 per day for each day that the witnesses were necessarily occupied in attendance upon the trial and in going to the place of trial and returning home therefrom should have been allowed. It was so held in this Circuit before the amendment. The Terne, D.C.E.D.N.Y., 60 F.2d 667; Hayes v. Surface Combustion Corporation, D.C.S.D.N.Y., 25 F.Supp. 515, 516. See also Galion Iron Works & Mfg. Co. v. Beckwith Mach. Co., D.C.W.D.Pa., 25 F.Supp. 591, 592, and Vincennes Steel Corporation v. Miller, supra, 94 F.2d at page 350.

■ Attendance fees at $2 per day for each day occupied in attendance upon the trial and in going to and returning from the place of trial are allowable. Vincennes Steel Corporation v. Miller, supra, 94 F.2d at page 351.

■ Defendant contends that it should be allowed to tax mileage for each witness at five cents per mile for each mile going and returning, upon the ground that the action could not have been successfully defended without their personal attendance before the jury, since certain of their testimony was in direct contradiction of plaintiff's testimony. There is much force in this argument. The importance, and sometimes even the necessity, of the personal presence of the witness at the trial cannot be denied. Arnstein v. Porter, 2 Cir., 154 F.2d 464, 470. And, until the advent of the new Rules with their very liberal provisions for discovery and examination before trial, it was obviously impossible for a defendant to forecast plaintiff's testimony, especially in a case such as this, and to meet it satisfactorily by taking depositions. There have been intimations that under some circumstances exceptions to the rule may be recognized (The Vernon, D.C.E.D.Mich., 36 F. 113, 117; Pinson v. Atchison, T. & S. F. R. Co., C.C.W.D.Mo., 54 F. 464, 465; Smith v. Chicago & Northwestern Ry. Co., C.C.S.D.Iowa, 38 F. 321), but those remarks were made before the

new Rules. I do not feel that the facts here justify an exception.

The clerk will re-tax defendant's costs in accordance with the principles here laid down.

Settle order on two days' notice.