## LEE v. PENNSYLVANIA R. CO.

### Civ. A. No. 9271.

United States District Court
E. D. Pennsylvania.

Oct. 16, 1950.

Meyer, Lasch, Hankin & Poul, Philadelphia, Pa., for plaintiff.

Philip Price, Philadelphia, Pa., for defendant.

CLARY, District Judge.

This matter is before the Court on plaintiff's motion to review the Clerk's taxation of costs filed June 20, 1950. The only exception argued was the disallowance by the Clerk of mileage fees for Dr. Albert L. Spaulding and Mrs. Cornelius Lee from Chicago, Illinois, to Philadelphia, Pennsylvania, and return. The Clerk allowed in each instance a maximum of 100 miles circular. Certain other deductions were made by the Clerk, which by agreement of the parties are to be reinstated and they will be covered in the Order made in this case.

The applicable Statute of May 10, 1949, c. 96, 63 Stat. 65, May 24, 1949, c. 139, § 94, 63 Stat. 103, 28 U.S.C. § 1821, 28 U.S.C.A. § 1821, would appear to allow the taxing of costs of mileage for witnesses without limitation. The Statute provides: "A witness attending in any court of the United States * * *, shall receive $4 for each day's attendance and for the time necessarily occupied in going to and returning from the same, and 7 cents per mile for going from and returning to his place of residence. * * *."

There is no limitation apparent in that language and that is the view taken in United States v. Sanborn, C.C. 1886, 28 F. 299. However, this decision of the First Circuit seems to be unique. A host of later decisions from other Circuits hold that taxation of costs for mileage fees for witnesses traveling to and from Court are limited to the extent to which the witness could have been reached by service of process. In those cases, which will be cited hereafter, the taxation of costs is limited to the traveling done within the district or within 100 miles from the courthouse if part of the traveling was done without the district. To that effect were the holdings in the cases of: Buffalo Insurance Co. v. Providence & Stonington S. S. Co., C.C., 29 F. 237; Sloss Iron & Steel Co. v. South Carolina & G. R. Co., C.C., 75 F. 106; Vincennes Steel Corp. v. Miller, 5 Cir., 94 F.2d 347; Burrow v. Kansas City, etc. R. Co., C.C., 54 F. 278; Eastman v. Sherry, C.C., 37 F. 844; Friedman v. Washburn Co., 7 Cir., 155 F.2d 959; Pinson v. Atchison, T. & S. F. R. Co., C.C., 54 F. 464; Kirby v. United States, 9 Cir., 273 F. 391; Pacific S. S. Co. v. Sutton, 9 Cir., 7 F.2d 579; Gallagher v. Union Pacific R. Co., D.C.S.D.N.Y., 7 F.R.D. 208.

310

In the Vincennes Steel Corporation case, supra, the statutes relating to the attendance of witnesses in suits in Federal Courts were reviewed at some length and the Court concluded that costs could be taxed for the attendance of any material witness living within the district and within 100 miles of the courthouse. As to those material witnesses who attended the trial, who lived outside the district and beyond 100 miles from the courthouse, the Court held that costs could be taxed only up to 100 miles and any costs in excess thereof would have to be borne by the party calling the witness. The decision also points out that the proper way to secure testimony of persons in such cases is by the use of depositions.

Plaintiff strongly urges that the ruling in the Sanborn case, supra, should be followed by this Court. We have found no case directly in point decided by the United States Court of Appeals for the Third Circuit. While I do not agree wholeheartedly with the process of reasoning which led the various courts mentioned above to restrict the taxation of costs for the attendance of witnesses to the area in which they could be reached by subpoena, nevertheless, the rule seems to be a sound and practical one. It appears to me only just that there be some limitation in a country as large as the United States on the amount to which a party may be subjected in the taxing of costs. The Federal Rules of Civil Procedure, rule 26 et seq., 28 U.S.C.A., have very liberal provisions for the taking of depositions of witnesses living beyond the district and for the introduction of such depositions in the trial of a case. In nearly every case, the limitation set forth above is completely adequate for the protection of parties calling witnesses. In those few cases where it is not sufficient to cover the entire distance traveled by a witness, should a party consider his testimony in person absolutely essential, it is only right and proper that the party calling him should bear the excess in costs. I feel that the great weight of authority supports the position taken by the Clerk of this Court in the taxing of costs and I, therefore, will not disturb his ruling on the question of mileage allowed.