JONES v. ANTRIM CIRCUIT JUDGE.

1. COSTS—WITNESSES' FEES—ADDITIONAL WITNESS FEES NOT AL-
LOWABLE AFTER ORDER FIXES AMOUNT.
Where, in a will contest case, at the opening of the term,
proponent appeared with his witnesses, two of whom
came from a considerable distance, and contestant's motion
for a continuance was denied, but the trial was delayed
for two weeks by an order reciting "that witness fees
of $30 be taxed the contestant," which order was never
modified or revoked, the trial court was without power
thereafter to tax against contestant, who was unsuccess-
ful in the case, the fees of proponent's witnesses attend-
ing at the opening of the term in addition to the $30
already allowed.

2. SAME—SHERIFF'S FEES NEED NOT BE ITEMIZED.
An item for "sheriff's fees, mileage, etc., $36.80," was not
objectionable because not itemized, the statute (3 Comp.
Laws 1915, § 13716) requiring itemization of disburse-
ments in taxing costs excepting disbursements to officers
for services rendered, and it will be assumed that the
sheriff made due returns upon all process served, and,
therefore, there existed in the case evidence of his fees
and mileage.

3. SAME—RESIDENT WITNESS FEES NOT LIMITED TO ONE DAY.
An objection that, in taxing costs, no more than one day's
attendance should be allowed witnesses who resided in
the village where the court was held, because they were
near by and could be called when wanted, is without
merit, since experience has taught attorneys the advisabil-
ity of having their witnesses present in court to meet any
sudden turn and prevent delays in waiting for witnesses.

4. SAME—FEES OF EXPERT WITNESS ALLOWABLE ALTHOUGH NOT
CALLED.
Where contestant raised the issue of testator's mental in-
competency but late in the trial abandoned said issue, she

may not complain of the court's order, authorized by Act No. 404, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 12557), taxing costs for expert medical witnesses called to meet said issue, although they were not sworn, since it will be assumed that the trial judge knew they were to testify to matters of opinion under 3 Comp. Laws 1915, § 12559.

5. SAME—FEES OF EXPERT WITNESSES IN ATTENDANCE BUT NOT CALLED MAY BE FIXED WITHOUT NOTICE.

Contestant's objection that the order fixing the sum to be paid the experts was made after the trial and without notice or showing of the character of their proposed testimony is without merit, since the same right prevails to tax the compensation of expert witnesses made to attend in good faith, though not sworn, as prevails in the cases of other witnesses deemed material and necessary and by turn of the case not sworn.

Mandamus by Anna Bell Jones to compel Frederick W. Mayne, circuit judge of Antrim county, to retax the costs of a will contest. Submitted April 24, 1923. (Calendar No. 30,611.) Writ granted June 4, 1923.

*Patchin & Duncan,* for plaintiff.

*Clink & Williams,* for defendant.

WIEST, C. J. In this proceeding plaintiff seeks an order requiring defendant circuit judge to retax the costs awarded against her in an unsuccessful will contest. We note the point that the order of taxation set up in the petition was followed by a later one, but this technicality will serve its deserved purpose if we let the last order speak.

At the opening of the May, 1921, term of the circuit court for the county of Antrim, proponent of the will appeared with his witnesses, most of them living in the village of Bellaire, where the court was sitting, but two attending from a considerable distance. The

contestant moved for a continuance, which was denied and the trial fixed for May 16th.   The order delaying the trial recited: "that witness fees of $30 be taxed the contestant."

In taxing the costs in the circuit, on appeal from taxation by the clerk, the court allowed the proponent the fees of witnesses attending court on May 2d. Plaintiff herein claims this was error inasmuch as the court had fixed such costs at $30 on May 2d. In making return to the order to show cause the circuit judge states:

"On the hearing of the motion to adjourn the case made as aforesaid on May 2, 1921, counsel for both William H. Richards and Clayton L. Bailey, legatee, objected to the continuance, urging that all witnesses had been subpœnaed for their side, and a large amount of money expended in witness fees and in the service of subpœnas by the sheriff, and that the delay of two weeks would necessitate the return of two of the witnesses, namely, Mrs. Cora Dillon, of Rushville, Indiana, and Mrs. Elizabeth Stone, of Cleveland, Ohio, to their homes, or else they would be obliged to remain in Bellaire at considerable expense.   After due consideration a continuance was granted upon condition that the contestants pay the sum of thirty dollars to help defray the expenses of the two last named witnesses.   It was not intended that the sum of thirty dollars should be in full of all taxable costs for the attendance of witnesses, or mileage, or sheriff's fees, or other expenses.   *   *   *

"The so-called order denying the motion for a continuance, found on page two of the petition, was not intended to deny the right of the parties, William H. Richards, proponent, or Clayton L. Bailey, legatee, to tax the costs of the various witnesses, as they might be entitled to, according to the statute and rules of court.   But the same was intended merely to apply upon the fees paid to the two witnesses in question. And if a proper construction of said order is as contended for by counsel for contestant, then said order

should be modified so as to conform with the facts and the intention of the court.

"Upon the hearing for the taxation of costs, the situation was reviewed as herein stated and counsel for contestants were then informed that, if necessary, the so-called order for a continuance would be modified to correspond with the original intention of the court in making such order."

We discover no modification of such order, and standing of record unrevoked it speaks and must govern the point raised. Terms may be imposed for granting delay. Such power was exercised and the parties must abide such order, so long as it stands. Costs for fees and mileage of witnesses attending court on May 2, 1921, are disallowed.

In the bill of costs is an item for "sheriff's fees, mileage, etc., $36.80." This was objected to because not itemized. We assume that the sheriff made due returns upon all process served and, therefore, there existed in the case evidence of his fees and mileage. This assumption is confirmed by the plea of the plaintiff to the first return of the circuit judge:

"And further denying the second paragraph of said return, petitioner says that the records and files in said cause will show that all of the services rendered by said sheriff were completed and his returns made prior to the award of thirty dollars for covering all of the costs incurred up to and including the 2d day of May, 1921, and that further costs in favor of said sheriff could not be afterwards taxed for that purpose." *   *   *

We do not construe the order of May 2d as covering anything more than the fees and mileage of witnesses. The statute requiring an itemization of disbursements in taxing costs excepts disbursements to officers for services rendered. 3 Comp. Laws 1915, § 13716. There is no merit in the objection. The bill of costs covers the attendance of many witnesses, residents of

the village where the court was held, and we are urged
to hold that no more than one day's attendance should
be allowed, because such witnesses were near by and
could readily be called when wanted.    We can make
no such holding.    Experience has taught attorneys
the advisability of having their witnesses present in
court so as to meet sudden turns so often encountered
in trials and to prevent delays in waiting for witnesses.

The trial judge, by order, fixed the sum to be taxed
for three expert medical witnesses at $25 per day each.
The will contest involved the mental competency of
the testatrix, but late in the trial such issue was
abandoned.    Usually expert medical witnesses are
asked hypothetical questions and there is no need of
their sitting in court to listen to evidence.    The
experts, however, were on hand from a distance and
the exigencies of the trial might have required calling
them most any time, and contestant in laying the issue
of want of mental capacity on the part of the testa-
trix cannot complain upon being taxed with the cost
so incurred to meet such issue.    But, it is said, the
experts were not sworn as witnesses.    Contestant's
withdrawal of the issue of mental incompetency of
the testatrix rendered the evidence of the experts un-
necessary.    The order of the court fixing the sum to
be paid the experts was made about nine months after
the trial and, it is claimed, without notice or showing
of the character of their proposed testimony, and our
attention is directed to 3 Comp. Laws 1915, § 12559,
which provides, in substance, that expert witnesses
shall receive extra compensation only when they testi-
fy to matters of opinion and not to established facts
or deductions of science.    The record before us does
not disclose the character of the testimony the experts
would have given had contestant stood fast to the issue
calling for their attendance, but we may assume the

223—Mich.—10.

trial judge had a pretty fair inkling that they were present to testify to matters of opinion.    It appears from the first amended return of the circuit judge that the order fixing the compensation to be paid the expert witnesses was made by a judge of another circuit presiding at the trial, and was actually made upon application in open court, during the trial of the cause, and opposed by contestant, but later the order was signed by the judge presiding and filed in the case.    The order so made stands unappealed and was authorized by Act No. 404, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 12557), which provides:

"No expert witness shall be paid, or receive as compensation in any given case for his services as such, a sum in excess of the ordinary witness fees provided by law, unless the court before whom such witness is to appear, or has appeared, awards a larger sum, which sum may be taxed as a part of the taxable costs in the case."  *   *   *

Certainly it would not be claimed that a party desiring to call an expert witness and have the court "before whom such witness is to appear" fix his compensation, must give notice to his adversary so he can be heard and also make a showing of the character of the testimony such expert is to give; neither does the act contemplate notice and opportunity to be heard when the compensation is fixed after the expert witness has appeared.    The same right prevails to tax, as a part of the costs, compensation permitted by the court to be paid expert witnesses, in good faith made to attend and deemed material and necessary upon an issue presented, though not sworn as witnesses by reason of the abandonment of the issue summoning them, as prevails in the case of other witnesses, in good faith subpoenaed and deemed material and necessary and by turn of the case not sworn.

The costs will be retaxed in accordance with this opinion.    Writ granted.    Plaintiff herein will recover costs of this court against proponents of the will.

FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.