HESSE v. DIEHL.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—STATUTES—CON-
TRACTS—EXPERT WITNESSES.

In action to recover for time spent by plaintiff in preparation of an appraisal in condemnation proceedings against defendant's property, question as to effect upon validity of contract for services of statute requiring fixation of expert witness fees by court *held*, not reviewable, where statute is inapplicable because plaintiff never testified and was not subpœnaed as a witness (3 Comp. Laws 1929, §§ 14223, 14225).

2. DAMAGES—PLEADING—AMENDMENT OF DECLARATION.

    A plaintiff may file an amended declaration increasing his claim for damages to what he believes and attempts to prove to be the true measure of damages.

3. SAME—EXCESSIVE AWARD FOR SERVICES.

    Judgment of $1,000 in action tried without a jury, by plaintiff who claimed to have spent 22-½ days in preparation for trial in condemnation proceedings in making an appraisal of defendant's property *held,* excessive by $750, where there is testimony that plaintiff and defendant's then attorney together submitted a bill for $250, plaintiff's original declaration claimed the sum of $250 with respect to appraisal of defendant's property, and a former assessor had spent but a week in preparing for such trial and charged but $100.

4. COSTS—CIRCUIT COURT—SUPREME COURT—REDUCTION OF JUDGMENT.

    In action on contract for time spent in preparation as an expert witness on real estate values and making an appraisal in condemnation proceedings, circuit court costs are awarded plaintiff where he obtained a judgment in that court for $1,000, but costs in Supreme Court are awarded defendant upon reduction of such judgment to $250.

Appeal from Macomb; George (Fred W.), J. Submitted January 7, 1937. (Docket No. 56, Calendar No. 39,217.) Decided March 1, 1937.

Assumpsit by Robert J. Hesse against Harry Diehl for services rendered in making an appraisal of property. Judgment for plaintiff. Defendant appeals. Modified and affirmed.

*Earle M. French,* for plaintiff.

*Malcolm E. Trombley* (*Bert V. Nunneley,* of counsel), for defendant.

BUTZEL, J. Defendant was part owner of the Diehl block located at the corner of Gratiot and New streets in the city of Mt. Clemens, which, together

with other properties was being condemned by the State for the purpose of widening Gratiot avenue. Upon defendant's becoming apprised of the condemnation proceedings, he consulted his attorney and was informed that it would be necessary to obtain expert testimony to show the value of the property. Plaintiff, an attorney at law, is a real estate dealer, who also at times acted as an expert on real estate values. Defendant's attorney thereupon engaged plaintiff and a Mr. Reimold to appraise the land, the cost of the building to be determined by another witness. Plaintiff testified that Diehl told him about the value of his property, the length of time he had owned it, the claimed income thereof and the appraised valuation made a few years previously by appraisers of the probate court who determined the value to be over $120,000 for inheritance tax purposes. Plaintiff testified that he was told to spare no time and leave no stone unturned so as to place the highest possible valuation on the property; that no price was fixed for his services, but that he was told he would be paid well for them. It was understood that plaintiff would subsequently testify on behalf of defendant in the condemnation proceedings. Plaintiff claims that he thereupon made a very intensive study of the problem of determining the value of this piece of property; that he drew a map of the entire downtown district of Mt. Clemens and also charts showing where each building was located and that he put down the prices or the rental values opposite each parcel so as to compare it with the Diehl property; that he developed various theories in an effort to arrive at one which would show the Diehl property to the best advantage; that he consulted various textbooks; that in all he devoted 22-½ days to preparing the case in

order to be in a position to refute any possible contentions by the State and to withstand cross-examination. The net result of plaintiff's labors led him to conclude that the property was worth no more than $93,000. He claims that defendant was dissatisfied with this finding and insisted that the figure should be $120,000. Upon refusing to raise his appraisal, plaintiff was discharged by Diehl and was never called to testify. Some maps and charts prepared by him were used by defendant at the trial.

There is some dispute as to whether plaintiff and Reimold together sent defendant a bill for $250 for their services. Plaintiff did not absolutely deny that such a bill was sent, but claims that, if sent, it was for the purpose of settlement and avoiding litigation. Defendant, on the other hand, states that he received such a bill and turned it over to his attorney, now deceased, who hired plaintiff and who instructed defendant not to pay the amount asked. Upon defendant's refusal to pay, plaintiff, acting as his own attorney, began the instant suit. In the declaration drawn by him, he claimed that $250 specifically was due him from defendant and a like sum in each instance from three other property owners for whom he was to testify; that his discharge by defendant resulted also in his losing the business of the other three clients, so that he lost $1,000 in fees and that his reputation was damaged in the additional sum of $1,000, and therefore he was entitled to $2,000 damages. Subsequently, plaintiff hired another attorney who filed an amended declaration and claimed $2,000 for services for 22-½ days. The case was tried without a jury, the court rendering a judgment of $1,000 in plaintiff's favor.

Defendant claims that plaintiff is barred from recovering because the contract sued upon was in violation of 3 Comp. Laws 1929, § 14223, which provides:

"No expert witness shall be paid, or receive as compensation in any given case for his services as such, a sum in excess of the ordinary witness fees provided by law, unless the court before whom such witness is to appear, or has appeared, awards a larger sum, which sum may be taxed as a part of the taxable costs in the case. Any such witness who shall directly or indirectly receive a larger amount than such award, and any person who shall pay such witness a larger sum than such award, shall be guilty of contempt of court, and on conviction thereof be punished accordingly."

Section 14225, 3 Comp. Laws 1929, further provides:

"The provisions of the two preceding sections shall not be applicable to witnesses testifying to the established facts, or deductions of science, nor to any other specific facts, but only to witnesses testifying to matters of opinion."

The lower court held that if the statute applied, plaintiff would be within the immunity of the latter section inasmuch as, if he had testified in the condemnation case, his testimony would have been entirely as to matters of fact. We need not pass upon the soundness of this holding as we believe the statute relied upon is inapplicable. Plaintiff never testified nor was he even subpœnaed as a witness. In this respect, the instant case is distinguishable from *Jones v. Antrim Circuit Judge*, 223 Mich. 141, relied upon by appellant. Plaintiff merely is seeking recovery for preliminary services rendered which clearly were outside the ban of the statute.

The amount awarded by the trial court was excessive. While a plaintiff may file an amended declaration increasing his claim for damages to what he believes and attempts to prove to be the true measure of damages, it is of some significance that plaintiff in his original declaration stated that his services in reference to the Diehl property were worth $250, and there is testimony that he and Reimold together submitted a bill for $250. Assuming that this amount was for the purpose of avoiding litigation, nevertheless the amount was not increased when litigation was instituted by plaintiff. However, the fact that plaintiff, claiming to be an expert with a knowledge of values, required 22-½ days in order to determine the value of a single piece of land in the city of Mt. Clemens seems to be a reflection upon his qualifications as an expert and the value of his services. It is difficult to conceive that such an inordinate amount of time could have been consumed, or that the value of the services was greater than that set forth by plaintiff in the bill submitted by him and set forth in his declaration as first drawn. A former assessor of Mt. Clemens spent one week, going to the register of deeds office to examine recent sales and ascertaining the value of the property. He charged $100 for his services. We believe that $250 is fair compensation for the services rendered and the case will be remanded to the trial court for entry of judgment in this amount. Plaintiff will recover costs in the circuit court; defendant will recover costs in this court.

FEAD, C. J., and NORTH, WIEST, SHARPE, POTTER, and CHANDLER, JJ., concurred. BUSHNELL, J., did not sit.