EBERHARD MANUFACTURING COMPANY v BROWN

OPINION OF THE COURT

1. SALES—RISK OF LOSS—SHIPMENT CONTRACT—DESTINATION CON-
    TRACT—STATUTES.

    The risk of loss generally passes to the buyer when goods are
    duly delivered to a carrier where the contract is a shipment
    contract; the risk of loss generally passes to the buyer when the
    goods are duly tendered at the destination where the contract
    is a destination contract (MCLA 440.2509[1]).

2. SALES—SELLERS—DELIVERY OF GOODS—DESTINATION CONTRACT—
    RISK OF LOSS—STATUTES.

    A seller of goods in a contract for the sale of goods is not
    obligated to deliver the goods at a named destination and bear
    the concurrent risk of loss until arrival unless he has specifi-
    cally agreed so to deliver or the commercial understanding of
    the terms used by the parties contemplates such delivery
    (MCLA 440.2503).

3. SALES—SALES OF GOODS—RISK OF LOSS—FAILURE TO ALLOCATE
    LOSS.

    The risk of loss passes to the buyer of goods at the time the goods
    are delivered by the seller to the carrier where the contract for
    the sale of goods requires or authorizes the seller to ship the
    goods by carrier and contains neither an F.O.B. term nor any
    other term explicitly allocating loss.

4. SALES—SALES OF GOODS—CONTRACTS—TERMS—RISK OF LOSS.

    A "ship to" term in a contract for the sale of goods has no
    significance in determining which party to the contract bears

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 67 Am Jur 2d, Sales § 340.
[3] 67 Am Jur 2d, Sales §§ 250, 338, 348, 349.
[4] 67 Am Jur 2d, Sales § 254.
[5] 4 Am Jur 2d, Appeal and Error § 76.
    Formal requirements of judgment or order as regards appealability.
        73 ALR2d 250.
[6] 67 Am Jur 2d, Sales §§ 311–313.

the risk of loss since a "ship to" address must be supplied in any case in which carriage is contemplated.

5. APPEAL AND ERROR—TRIAL COURTS—COURT RULES—FINDINGS OF FACT.

Findings of fact by a trial court are not to be set aside unless clearly erroneous (GCR 1963, 517.1).

DISSENT BY QUINN, J.

6. CONTRACTS—DISTRIBUTORSHIP AGREEMENTS—RESCINDING OF CONTRACT—RELIANCE—COUNTERCLAIMS.

*Judgment for the defendant on his counterclaim for breach of a sole distributorship agreement, in a suit for the price of goods sold and delivered, was error where the counterclaim was filed after the contract had been mutually rescinded, the defendant never expected to recover expenses experienced in preparing for and acting as plaintiff's distributor, and no claim for recovery of the expenses would have been made if the plaintiff had not started suit against the defendant.*

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 April 17, 1975, at Detroit. (Docket No. 19595.) Decided May 28, 1975. Leave to appeal denied, 395 Mich 752.

Complaint in district court by Eberhard Manufacturing Company against Stanley M. Brown for recovery of the price of goods sold and delivered to defendant pursuant to a distributorship agreement. Counterclaim by defendant for breach of the distributorship agreement. Judgment for defendant. Plaintiff appealed to circuit court. Affirmed. Plaintiff appeals by leave granted. Affirmed in part and reversed in part.

*Hertzberg, Jacob & Weingarten* (by *Dennis S. Kayes),* for plaintiff.

*Hartman, Beier, Howlett, McConnell & Googasian* (by *Eric J. McCann),* for defendant.

Before: J. H. GILLIS, P. J., and QUINN and R. M.
MAHER, JJ.

J. H. GILLIS, P. J. Plaintiff brought action to
recover for the price of goods sold and delivered to
defendant pursuant to a distributorship agree-
ment. Defendant counterclaimed for damages for
breach of the agreement. The matter was tried in
the 48th District Court and the judge, sitting
without a jury, gave judgment for defendant on his
counterclaim in the amount of $6,315.82.

Plaintiff appealed to the circuit court, which
affirmed the district court judgment. Application
for leave to appeal was denied in this Court.
Subsequently the Supreme Court granted leave to
appeal and remanded the cause to this Court.

Plaintiff has made five assignments of error.
Only two of these require discussion. First, the
plaintiff alleges that the court erred in giving
defendant a credit of $559.03 for goods which were
apparently lost in transit.

At trial, the plaintiff introduced evidence that
the goods were sold to defendant F.O.B. plaintiff's
factory, and the goods were placed by plaintiff on
board a common carrier with instructions to de-
liver to defendant. This evidence was not contro-
verted by any evidence of defendant's. It is plain-
tiff's contention that the risk of loss passed to
defendant buyer when the goods were put on
board the carrier.

On appeal both parties point to MCLA
440.2509(1); MSA 19.2509(1) as controlling. Plain-
tiff, however, cites subsection (a) and defendant
subsection (b). Subsection (a) states the rule where
the contract is a "shipment" contract, in which
case risk of loss passes to the buyer where the
goods are duly delivered to the carrier; subsection

(b) states the rule where a contract is a "destination" contract, in which case risk of loss passes to the buyer when the goods are duly tendered at the destination.

An agreement of the parties would control as to who has the risk of loss. MCLA 440.2509(4); MSA 19.2509(4); MCLA 440.1102(3)(Official UCC Comment 3); MSA 19.1102(3); MCLA 440.2303; MSA 19.2303. See *Hayward v Postma,* 31 Mich App 720, 723; 188 NW2d 31, 32 (1971).

The parties here did not expressly agree on who was to bear the risk of loss. The contract contained no F.O.B. term. See MCLA 440.2319; MSA 19.2319. There was testimony by plaintiff that its goods are sold F.O.B. place of shipment, plaintiff's factory. That testimony might be evidence of a usage of trade. See MCLA 440.1205; MSA 19.1205. It was not proof that the parties had agreed, expressly or in fact, as to who had the risk of loss.

Under Article 2 of the Uniform Commercial Code, the "shipment" contract is regarded as the normal one and the "destination" contract as the variant type. The seller is not obligated to deliver at a named destination and bear the concurrent risk of loss until arrival, unless he has specifically agreed so to deliver or the commercial understanding of the terms used by the parties contemplates such delivery. MCLA 440.2503 (Official UCC Comment 5); MSA 19.2503. Thus a contract which contains neither an F.O.B. term nor any other term explicitly allocating loss is a shipment contract.

Defendant argues that since the goods were to be shipped to defendant's place of business in Birmingham, the contract required plaintiff to deliver the goods "at a particular destination". See MCLA 440.2509(1)(b); MSA 19.2509(1)(b). Defend-

ant's position is that "ship to" substitutes for and is equivalent to an F.O.B. term, namely F.O.B. place of destination. But that argument is persuasively refuted by the response that a "ship to" address must be supplied in any case in which carriage is contemplated. Thus a "ship to" term has no significance in determining whether a contract is a shipment or destination contract for risk of loss purposes.

Other buyers have occasionally argued that the "ship to" term made the contract into a destination contract. Courts have properly rejected this argument. See, *e.g., Electric Regulator Corp v Sterling Extruder Corp,* 280 F Supp 550, 557–558; 4 UCC Rep Serv 1025, 1032 (D Conn, 1968). See also White & Summers, Handbook of the Uniform Commercial Code, pp 140–145.

Since the presumption of a shipment contract controls in this case, the trial court should not have given defendant the $559.03 credit for the lost shipment.

Plaintiff also assigns as error the judge's finding that the parties agreed that defendant would be sole distributor in Michigan of plaintiff's products, *viz.,* truck and trailer body hardware. Plaintiff also asserts that the trial court erred in finding that defendant relied upon the promise, since defendant knew that plaintiff could not prevent others from selling in Michigan and also knew that such a provision was illegal. However, review of the record fails to disclose any evidence supporting the allegation that defendant had such knowledge.

GCR 1963, 517.1, provides that findings of fact by the trial court are not to be set aside unless clearly erroneous. The findings of fact here, on the contrary, were clearly supported by testimony.

Therefore, judgment for defendant is affirmed in

part and reversed in part. Defendant's recovery is reduced by $559.03, from $6,315.82 to $5,756.79. No costs, neither party having prevailed in full.

R. M. MAHER, J., concurred.

QUINN, J. *(dissenting in part).* I concur in Judge GILLIS' resolution of the $559.03 credit issue. Defendant should not have received this credit.

I cannot agree with the balance of the opinion. Defendant counterclaimed for damages for breach of the agreement. This counterclaim was filed October 23, 1970. My reading of this record convinces me that this contract was mutually rescinded February 12, 1969 and all rights and duties thereunder were discharged, 5A Corbin, Contracts, § 1236, pp 533–545.

Furthermore, the record convinces me that defendant never expected to recover the expenses experienced in preparing for and acting as plaintiff's distributor, and, except for plaintiff's suit, no claim therefor ever would have been made. I base this conclusion on the following items contained in the record:

1. Stanley Brown's testimony that such expenses were at the risk of the distributor.

2. His testimony that plaintiff never promised reimbursement for these expenses.

3. Agreeing to rescission without asserting such a claim.

4. Exhibit 7, a letter from defendant to plaintiff's office manager dated July 8, 1969 written in response to a telephone call from the manager requesting payment of defendant's account with plaintiff. In the letter, defendant specifies his expenses on the Eberhard venture for the first time but makes no claim for reimbursement. Rather,

these expenses are asserted as a reason for defendant's belief that plaintiff's attempts to collect the account are unjustified.

5. By seeking damages of $5,000 in his counterclaim based on expenses previously specified in the amount of $16,800, see *Hesse v Diehl,* 279 Mich 168, 173; 271 NW 721, 722–723 (1937).

I would reverse and remand this cause for entry of a judgment for plaintiff against defendant in the amount of $4,244.18 plus all statutory interest and costs of all courts.