## 56155. EWING BROTHERS v. BALL COMPUTER PRODUCTS, INC.

SMITH, Judge.

Ewing Brothers appeals from the trial court's summary judgment order adjudging "F.O.B. California" to be the delivery term present in the contract governing its purchase of computer equipment from appellee Ball Computer Products. Finding that the trial court's order was correct, we affirm.

On May 13, 1975, appellee mailed appellant a proposal, "quotation No. 356," concerning the latter's prospective purchase of two computer disk drives. The

May 13 cover letter specified that the attached prices were F.O.B., Oakland, California, and condition No. 2 of the printed-form conditions in the proposal stated, "Delivery will be made F.O.B. [appellee's] plant, Oakland, California." Also, condition No. 4 stated that "where satisfactory open account credit is established, . . . the [payment] terms are net 30 days from the date of invoice."

On May 28, 1975, appellant's consultant, on behalf of appellant, mailed appellee an offer to purchase the equipment "as per quotation No. 356 dated May 13, 1975" and at the price quoted therein. According to the offer, the equipment purchased from appellee was to be integrated, on the west coast, with equipment bought from another company, and the entire system then was to be shipped to appellant's Georgia location, where appellee was to install it. The offer also stated: "As we discussed, I as an individual consultant would probably find it difficult to convince Ball Computer Products' credit department to ship me $28K worth of hardware. To that end, my end-user, Ewing Brothers, a very substantial and profitable Atlanta Company, will be issuing a letter to Ball Computer Products stating that they will make direct payment to Ball Computer Products when the System is installed and invoiced." Appellant, on June 16, 1975, did send a follow-up letter guaranteeing payment, but the letter omitted any reference to payment time or delivery terms.

On July 15, 1975, appellee mailed its acceptance to appellant. Part of the appellee's acceptance was the same printed form which constituted part of quotation No. 356, which appellant incorporated into its offer, and which stipulated that delivery was to be F.O.B. California. None of the parties' correspondence mentioned changing the payment price quoted by appellee in contemplating delivery F.O.B. California.

The equipment arrived at appellant's Tucker plant in late September, 1975; one of the disks was damaged and never installed. Appellant paid for the undamaged disk only, and appellee sued for the $14,180.60 purchase price of the damaged disk.

Appellant contends on appeal that appellee's acceptance stated a delivery term varying from

appellant's offer and that an analysis under Ga.L. 1962, pp. 156, 179 (Code Ann. § 109A-2—207) indicates the error of the trial court's conclusion. Specifically, appellant opines that, under UCC § 2-207, supra, the "F.O.B. California" delivery term of appellee's acceptance must yield to the allegedly contrary "delivery term" posited in appellant's offer in the language, " . . . Ewing Brothers . . . will be issuing a letter to Ball Computer Products stating that they will make direct payment to Ball Computer Products when the System is installed and invoiced." We disagree, as we find the UCC § 2-207 argument to be inapplicable to the present facts. Appellant's offer incorporated by reference the terms of appellee's quotation, the terms of which included delivery F.O.B. California, and therefore appellee's acceptance merely restated a term of — and did not vary from — appellant's offer. Appellant's UCC § 2-207 analysis would be appropriate only if appellee's acceptance had stated, in response to appellant's offer, a "different" or "additional" term. UCC § 2-207. See, e.g., Steiner v. Mobil Oil Corp., 141 Cal. Rptr. 157 (569 P2d 751) (1977), and American Parts Co. v. American Arbitration Assn., 8 Mich. App. 156 (154 NW2d 5) (1968).

In construing the parties' contract, we "lean to such a construction as reconciles the different parts, and reject the construction which leads to a contradiction." *Simpson v. Brown,* 162 Ga. 529 (1) (134 SE 161) (1926). From a construction endeavoring to harmonize the contractual terms, we conclude that appellant's consultant's statement in the offer to purchase constituted an attempt to establish credit so that, under condition four of the printed-form conditions, appellant's payment would be due "30 days from the date of invoice." In any event, such a statement was "inadequate to upset the Uniform Commercial Code's presumption in favor of 'shipment' contracts . . ." Electric Regulator Corp. v. Sterling Extruder Corp., 280 FSupp. 550, 558 (D. Conn. 1968). See also Eberhard Manufacturing Co. v. Brown, 61 Mich. App. 268 (232 NW2d 378) (1975). "In sum, the parties, in a contract contemplating carriage, must *explicitly* agree to a destination contract by using 'F.O.B. buyer's place of business' or equivalent language. Otherwise, the contract

will be a 'shipment' contract." White & Summers, Uniform Commercial Code 140, 143, § 5-2 (1972).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

SUBMITTED JUNE 28, 1978 — DECIDED NOVEMBER 28, 1978 — REHEARING DENIED DECEMBER 13, 1978 — 

*Hansell, Post, Brandon & Dorsey, G. Lee Garrett, Jr.,* for appellant.

*Long, Aldridge, Heiner, Stevens & Sumner, James J. Thomas, Jr.,* for appellee.