RUSSELL v TRANSAMERICA INSURANCE COMPANY

Docket No. 58037. Submitted March 15, 1982, at Detroit.—Decided May 5, 1982.

Plaintiffs, Roger K. and Sharon Russell, do business as a full service boat dealership and marine equipment sales and service company. Plaintiffs were insured by defendant Transamerica Insurance Company under a policy which excluded coverage of any damage resulting from watercraft hazard. An exception to this exclusion was made under the policy for damage to any watercraft under 26 feet in length not owned by the named insureds. Plaintiffs entered into a purchase agreement with Robert Clouser, who agreed to pay $8,500 for a 19-foot Kindsvater boat. Pursuant to this agreement, Clouser made an initial payment of $1,700, with the balance of the purchase price to be paid when Clouser took possession of the boat. According to the terms of the purchase agreement, plaintiffs were to retain possession of the boat in order to transfer an engine and drive train from another boat. Upon completion of these alerations, Clouser was to take delivery of the boat at plaintiff's marina. While the boat was being tested by employees of plaintiffs prior to delivery to Clouser, it hit a seawall and was completely destroyed. Defendant Transamerica refused to honor its policy claiming that the damage was excluded because plaintiffs owned the boat at the time of the accident. Plaintiffs brought an action in the Macomb Circuit Court against Transamerica and Blanchard Agency, Inc., and the court, Edward J. Gallagher, J., granted partial summary judgment in favor of Transamerica, holding that the title and risk of loss were with plaintiffs. Plaintiffs appealed. *Held:*

Title to the boat passed at the time of contracting for sale. The boat was identified at the time of contracting, delivery was to be made without moving the boat and no documents of title were involved. Title is not the same as risk of loss.

Reversed and remanded.

REFERENCE FOR POINTS IN HEADNOTE
67 Am Jur 2d, Sales §§ 126, 237.

SALES — TITLE — UNIFORM COMMERICAL CODE.
  Title to goods passes at the time of contracting for sale where the
  goods are identified at the time of contracting, delivery is to be
  made without moving the goods and no documents of title are
  involved (MCL 440.2401; MSA 19.2401).

*Davidson, Gotshall, Kohl, Secrest, Wardle,
Lynch & Clark (by Michael M. Wachsberg),* for
plaintiffs.

*Hibbs, Lewis, Finney & Welch, P.C.,* for defen-
dant.

Before: J. H. GILLIS, P.J. and N. J. KAUFMAN and
N. J. LAMBROS,* JJ.

N. J. LAMBROS, J. Plaintiffs appeal from an order
granting partial summary judgment ,in favor of
defendant Transamerica Insurance Company based
on a finding of no genuine issue of material fact.

The parties stipulated to the following facts.
Plaintiffs do business as a full service boat dealer-
ship and marine equipment sales and service com-
pany. Plaintiffs were insured by defendant Trans-
america under a policy which excluded coverage of
any damage resulting from watercraft hazard. An
exception to this exclusion was made under the
policy for damage to any watercraft under 26 feet
in length not owned by the named insureds.

On July 5, 1977, plaintiffs entered into a pur-
chase agreement with Robert Clouser, who agreed
to pay $8,500 for a 19-foot Kindsvater boat. Pursu-
ant to this agreement, Clouser made an initial
payment of $1,700, 20% of the purchase price,
with the balance of the purchase price to be paid
when Clouser took possession of the boat. Accord-
ing to the terms of the purchase agreement, plain-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

tiffs were to retain possession of the boat in order to transfer an engine and drive train from another boat. Upon completion of these alterations, Clouser was to take delivery of the boat at plaintiffs' marina.

On August 4, 1977, while the boat was being tested by employees of plaintiffs, prior to delivery to Clouser, it hit a seawall and was completely destroyed. Defendant Transamerica refused to honor its policy claiming that the damage was excluded because plaintiffs owned the boat at the time of the accident.

The parties filed cross-motions for summary judgment under GCR 1963, 117.2(3), relying on the Uniform Commercial Code, MCL 440.1101 *et seq.;* MSA 19.1101 *et seq.*

The trial court, granting summary judgment in favor of defendant Transamerica, stated:

"The facts reflect that the boat was in possession of the Russels *[sic]* on August 4, 1977. Robert Clouser could not have taken delivery of the boat on the day in question. Under MCL 440.2401(2), therefore, title had not passed to Clouser. * * * Effectively speaking, the risk of loss was, on August 4, 1977, on the Russells' shoulders."

Plaintiffs contend that the trial court erred in its application of MCL 440.2401; MSA 19.2401. We agree.

MCL 440.2401; MSA 19.2401 provides in pertinent part:

"(1) Title to goods cannot pass under a contract for sale prior to their identification to the contract (section 2501), and unless otherwise explicitly agreed the buyer acquires by their identification a special property as limited by this act. Any retention or reservation by the seller of the title (property) in goods shipped or deliv-

ered to the buyer is limited in effect to a reservation of a security interest. Subject to these provisions and to the provisions of the article on secured transactions (article 9), title to goods passes from the seller to the buyer in any manner and on any conditions explicitly agreed on by the parties.

"(2) Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place; and in particular and despite any reservation of a security interest by the bill of lading

"(a) if the contract requires or authorizes the seller to send the goods to the buyer but does not require him to deliver them at destination, title passes to the buyer at the time and place of shipment; but

"(b) if the contract requires delivery at destination, title passes on tender there.

"(3) Unless otherwise explicitly agreed where delivery is to be made without moving the goods,

"(a) if the seller is to deliver a document of title; title passes at the time when and the place where he delivers such documents; or

"(b) if the goods are at the time of contracting already identified and no documents are to be delivered, title passes at the time and place of contracting."

Under subsection (3)(b) of the statute, if delivery is to be made without moving the goods and no documents of title are involved, title passes at the time of contracting if the goods are already identified at the time of contracting. We note that goods need not be in a deliverable state to be identified to the contract. See MCL 440.2501(1); MSA 19.2501, MCL 440.2401; MSA 19.2401, practice commentary (2)(b).

In the instant case, because the 19-foot Kindsvater boat had been identified at the time the parties

contracted for sale, because no documents of title were to be delivered by the sellers, there being no Michigan requirement for documents of title for boats at that time, and because delivery of the boat was to be effected without its being moved, title passed to the buyer at the time of contracting under MCL 440.2501(3)(b). The fact that the boat was not outfitted with all the equipment specified in the contract did not prevent its identification to the contract nor did it prevent title from passing at that time.

No Michigan case law exists determining the operation of passage of title under subsection (3)(b). We do note, however, that our conclusion is supported by case law from other jurisdictions where the uniform statute under consideration here has been applied. See *Jones v One Fifty Foot Gulfstar Motor Sailing Yacht,* 625 F2d 44; 29 UCC Rep 1053 (CA 5, 1980), *Bowman v Boucher,* 16 Pa D & C 3d 189; 31 UCC Rep 1298 (1979), *Holstein v Greenwich Yacht Sales, Inc,* 404 A2d 842 (RI, 1979). Our holding is also consistent with the intent of the drafters of the code as expressed in the practice commentary to MCL 440.2401[1] and the Official UCC Comment following that section.[2]

---

[1] "(b) Where delivery is to be made without moving the goods and the seller is to deliver a document of title, title passes when such document is delivered. There was no similar provision in the USA. If delivery is to be made without moving the goods and no documents of title are involved, title passes at the time of contracting if the goods are already identified at the time of contracting. This changes the result under section 19, Rules 1 and 2 of the USA [CL 1948, § 440.19], since the code passes title even though the identified goods are not in a deliverable state. In this connection note also that nonconforming goods can be identified to the contract under the code (§ 2501[1]). See also, *Burton v Rex Oil & Gas Co,* 324 Mich 426; 36 NW2d 731 (1949); *Kennedy v Lynch Timber Co,* 227 Mich 269; 198 NW 985 (1924)."

[2] "4. The factual situations in subsections (2) and (3) upon which passage of title turn actually base the test upon the time when the seller has finally committed himself in regard to specific goods. Thus in a "shipment" contract he commits himself by the act of making the shipment. If shipment is not contemplated subsection (3) turns on

In addition, we find that the trial court erred in its decision in equating risk of loss with title. Under MCL 440.2509; MSA 19.2509 risk of loss passes to the buyer on his receipt of the goods or on tender of delivery by the seller. Risk of loss, then, does not necessarily follow title. In the instant case, because plaintiffs retained possession of the boat after title passed, they bore the risk of loss. Title in the buyer, however, triggered the policy exception to the watercraft hazard exclusion regardless of where risk of loss lay.

We hold that the trial court erred in granting partial summary judgment in favor of defendant Transamerica because title in the boat at the time of the accident was in one other than the insureds and the boat was, thus, covered under plaintiffs' policy.

We, therefore, set aside the trial court's order and remand this cause for further proceedings consistent with this opinion.

the seller's final commitment, *i.e.,* the delivery of documents or the making of the contract."